## F. B. COTTON v. H. S. LYTER & CO.

### No. 7133.

1. **Parol Agreement in District Court.**—Parties agreed on eve of trial that the plaintiff might read the record of his title deeds instead of the originals. The defendant objected to the record of deeds when offered because not filed and three days notice given. The court sustained the objection. The plaintiff then asked leave to withdraw his announcement of ready. This was refused by the court, whereupon the plaintiff took a nonsuit. *Held*, that it was error to refuse a motion to reinstate the case.

2. **Nonsuit—Reinstating Case—Limitation.**—When after a nonsuit the case is reinstated it stands as did the original suit. Limitation can not be affected by the nonsuit.

APPEAL from El Paso. Tried below before Hon. T. A. Falvey.
The opinion states the case.

*Leigh Clark*, for appellant.—The statute of limitations ceased to run when the suit was originally instituted, and the judgment of nonsuit set aside and the cause reinstated at the same term the nonsuit was entered would have prevented the statute of limitations from running during the pendency of the suit. Rev. Stats., arts. 1368, 1371, 1372; Childs v. Mays, 73 Texas, 76; Shields v. Boone, 22 Texas, 193; Hughes v. Lane, 25 Texas, 356.

*Davis, Beall & Kemp* and *J. P. Hague*, for appellees.—A voluntary nonsuit being taken, a motion to reinstate is addressed to the discretion of the court, and its refusal is not error unless such nonsuit is induced by error on the part of the court. Holderman v. Craft, Sup. Ct. Texas Republic; Easterling v. Blythe, 7 Texas, 213; Huston v. Berry, 3 Texas, 235; Osborne v. Scott, 13 Texas, 60; George v. Taylor, 55 Texas, 100; United States v. Evans, 5 Cranch., 280.

Exclusion of the evidence correct. Rev. Stats., arts. 548, 2257.

COLLARD, JUDGE.—This suit was brought by appellant for himself and as trustee for others to recover from appellees damages caused by them by excavating certain lots in the Cotton addition to the city of El Paso, rendering the same unsalable, to plaintiff's damage $2500, and by removing 5301 cubic yards of brick clay from the lots, of the alleged value and to the damage of plaintiff $1325.25. Plaintiff alleged that at the time of the trespass and ever since he was and has been the legal owner and in possession of the lots.

Defendants pleaded not guilty. No other plea need be mentioned for the purposes of this appeal. On the trial plaintiff offered to read in evidence from the records of the county clerk's office his title deeds to the land, which was objected to by defendants for the sole reason that the original deeds or copies thereof had not been filed three days

before the trial among the papers in the cause and notice given; which objection was sustained by the court and the evidence excluded, to which ruling plaintiff at the time reserved a bill of exception; whereupon plaintiff moved the court to allow him to withdraw his announcement, which request was refused by the court, and the ruling was excepted to by plaintiff. Plaintiff then offered to prove his title by parol, which upon defendants' objection was not allowed, and plaintiff again excepted. Plaintiff then took a nonsuit, and in due time filed a sworn motion to set aside the nonsuit and reinstate the cause, alleging that unless the nonsuit was set aside and the cause reinstated his cause of action would be barred by the two years statute of limitations in case he brought a new suit. The motion also set up that there was an agreement between the attorneys for the parties that the deeds ruled out might be read from the records, or certified copies might be read as the originals could be, and that plaintiff's counsel was excusable for construing the agreement as a waiver on the part of defendants of the filing and notice of the deeds. Defendants denied the agreement, but said that on the day of trial and within a few minutes of the call of the case they agreed to waive the production of plaintiff's original deeds or certified copies, and consented that plaintiff might read from the county records his title deeds, but that they expressly reserved the right and it was well understood by the parties that they would make the same objections to the records as might be made to the original deeds or copies were the original or copies offered; and that it was then and there understood that they did not and would not waive the objection that could be made under article 2257 of the Revised Statutes. Defendants also set up that plaintiff voluntarily took a nonsuit and abandoned his cause, and should it be reinstated it would be virtually a new action and would be barred by limitation, which defendants would plead. The court refused to set aside the nonsuit and reinstate the cause, for the sole reason that plaintiff's cause of action would be barred by limitation by the nonsuit even if reinstated. The nonsuit was taken on the 22d day of June, 1888. The original petition was filed on the 5th day of May, 1887. The motion avers that the alleged trespasses were committed from the 1st day of July, 1885, to the 5th day of June, 1886. Plaintiff appealed and has assigned errors.

Appellant insists on three assignments of error, the effect of which is that the court erred in refusing to set aside the nonsuit and to reinstate the case for the reason that plaintiff's cause of action would not have been barred by the two years statute of limitations if the motion had been granted, and the court erred in assuming that the cause would have been barred.

The court below was mistaken in supposing that the action would be barred if reinstated. The nonsuit and the reinstatement would have left the case just as it was at the institution of the suit so far as the

statute of limitations was concerned. The suit was not barred at the time it was brought, and in this respect would not have been affected by the nonsuit and reinstatement. Childs v. Mays, 73 Texas, 76.

It is admitted in the answer to the motion to reinstate that just before the call of the case for trial it was agreed that plaintiff might read his deeds from the record, on the trial. Such an agreement would authorize the inference on the part of plaintiff that defendants waived the filing of the deeds three days before the trial and notice of such filing because the records could not be filed. Rev. Stats., art. 2257. Defendants denied such waiver, however, and alleged that it was well understood they would insist upon their statutory right. The qualification they make of the effect of the agreement destroys it altogether. Had plaintiff so understood it he evidently would not have announced ready for trial, inasmuch as he asked permission of the court to withdraw his announcement as soon as he was denied the right to read his title deeds from the records. Under such circumstances the court should have allowed him to withdraw his announcement. He was in this manner compelled to take a nonsuit, and was entitled to have it set aside.

From the ruling of the court below on the motion to set aside the nonsuit it seems that the court would have granted it but for his holding that if the cause were reinstated the suit would be barred, evidently upon the idea that because of the nonsuit the statute would not be arrested at all, but would continue to run from the accrual of the right of action to the date of reinstatement. It may be said that there is no judgment of the court below declaring that the motion is without merit.

We think the motion should have been granted. Huston v. Berry, 3 Texas, 235; Easterling v. Blythe, 7 Texas, 210; Osborne v. Scott, 13 Texas, 60; George v. Taylor, 55 Texas, 97; Lockett v. Railway, 78 Texas, 211.

Our conclusion is that the judgment should be reversed and the cause remanded and reinstated on the docket.

*Reversed and remanded.*

Adopted May 5, 1891.