Charles D. **CRONEN**, Appellant,

v.

**CITY OF PASADENA, et al., Appellees.**

No. 01–91–01275–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 16, 1992.

Charles D. Cronen, pro se.

Lee Clark, John S. Schneider, Jr., Houston, for appellees.

Before OLIVER–PARROTT, C.J., and WILSON and DUNN, JJ.

## OPINION

WILSON, Justice.

The issue presented for review is whether the trial court erred in granting summary judgment based on limitations against appellant. We hold that the trial court did not and affirm.

## Summary of Facts

Appellant complains of injuries he allegedly suffered as the result of his incarceration in the City of Pasadena (the City) jail for disorderly conduct on July 2 and 3, 1978. Appellant claims that while he was in jail, he was fed a TV dinner that contained "chemically castrating" drugs. Since ingesting the TV dinner, appellant maintains that he has had problems with his genital organs. Based on injuries arising out of the 1978 incident, he seeks total damages in the amount of $24,283,812.

On June 26, 1980, appellant filed an original petition based on the above incident. The cause was listed on the docket as number 80–29051. The case was dismissed with prejudice for want of prosecution on April 8, 1985. Appellant filed a motion to reinstate, which was overruled by operation of law. He appealed to this Court, and we affirmed the judgment of the trial court and reformed the judgment to reflect that it was dismissed without prejudice to refiling. *Cronen v. City of Pasadena*, No. 01–85–0463–CV (Tex.App.—Houston [1st Dist.], March 20, 1986, no writ) (unpublished).

On April 11, 1985, appellant filed an identical lawsuit in the 129th District Court, under the docket number 85–22235. On July 30, 1991, the trial court granted summary judgment based on limitations. The present appeal is from this judgment.

Appellant presents 35 points of error for review by this Court. He maintains that the trial court erred in denying his motion for continuance, because he was not afforded adequate notice under provisions of the Rules of Civil Procedure. He claims that limitations never ran because the 1985 filing is a refiling of the original case. Appellant also generally argues that limitations periods are unconstitutional as applied to personal injury claims against pro se litigants. He contends that his motion to record the proceedings of a July 1, 1991, hearing should have been granted; that his motion for new trial should have been granted; and that he should have been afforded an attorney.

## Notice of the Summary Judgment Hearing

In points of error one through six, appellant asserts that the trial court erred in denying his motion for continuance regarding submission of the motion for summary judgment, because he did not receive the full 21 days' notice afforded under Texas Rules of Civil Procedure 166a(c), plus the three days' provided in Texas Rules of Civil Procedure 21a. Appellant asks this Court to enlarge the time frames set forth in rule 166a to encompass those in rule 21a. We decline to do so.

■ The grant or denial of a motion for continuance is within the sound discretion of the trial court. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex.1988); *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex.1986). The trial court's ruling will not be disturbed unless the record shows a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). Before a reviewing court will reverse the trial court's ruling, the appellate court must determine that the party's rights have been disregarded. *Yowell*, 703 S.W.2d at 635.

■ Rule 166a(c) provides that the motion for summary judgment and supporting affidavits must be filed and served at least 21 days before the time specified for the hearing. This Court has determined the rule requires that a full 21 days must elapse between the day of notice and the day of hearing. *Williams v. City of Angleton*, 724 S.W.2d 414, 417 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). In computing the time, the day notice is given and the day of the hearing are excluded. *Id.*

Rule 21a provides methods for service. The rule states that "[w]henever a party has the right or is required to do some act within a prescribed period after the service of a notice or other transfer, three days shall be added to the prescribed period." Tex.R.Civ.P. 21a. Appellant argues that three days should have been added to the 21 day period, allowing him 24 days' notice

of the hearing on the motion for summary judgment.

Rule 21a does not alter the notice requirements of rule 166a(c). *De Los Santos v. Southwest Tex. Methodist Hosp.,* 802 S.W.2d 749, 754 (Tex.App.—San Antonio 1990, no writ). A party receives sufficient notice of a summary judgment hearing if service is completed within the time frame set forth in rule 166a(c). *Lynch v. Bank of Dallas,* 746 S.W.2d 24, 25 (Tex.App.—Dallas 1988, writ denied). Service by mail is complete on deposit of the paper, properly addressed in a post office or official depository. Tex.R.Civ.P. 21a.

The City states that the notice of submission and the motion for summary judgment were mailed on July 2, 1991. The notice of submission contains a certificate of service that states a copy of the motion for summary judgment and the notice of submission were delivered to appellant by certified mail, on July 2, 1991. The certificate of service is signed by Lee Clark, City Attorney.

■ Rule 21a provides: "The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument. A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service." Tex.R.Civ.P. 21a. Under this rule, a certificate of service creates a rebuttable presumption that the requisite notice was served. *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987); *Krchnak v. Fulton,* 759 S.W.2d 524, 528 (Tex.App.—Amarillo 1988, writ denied).

■ In the present case, the City was entitled to a rebuttable presumption that it had effected service in compliance with rule 21a, on deposit of the notice and motion in the mail on July 2, 1991. *Gonzalez v. Stevenson,* 791 S.W.2d 250, 252 (Tex.App.—Corpus Christi 1990, no writ); *Compusolve, Inc. v. Urban Eng'g, Inc.,* 799 S.W.2d 374, 376 (Tex.App.—Corpus Christi 1990, no writ). If this presumption were not rebutted by appellant, then the trial court did not abuse its discretion in denying

his motion for continuance, as the City would have complied with rule 166a(c) by giving appellant 27 days' notice before the hearing.

Appellant contends that the motion was not placed in the mail until 20 days from the specified hearing date. He states that notice was given on July 9 for the hearing on July 29. He directs this Court's attention to his verified motion for continuance, to which he attached an exhibit showing an illegible postmark. The copy of return of service shows that it was mailed by certified mail to "Mr. Charles Cronen, P.O. Box 87204, Houston, Texas 77287–7204." This is the only address that appears in his pleadings. The copy of the return of service shows that the first attempted delivery was made on July 10; the second attempted delivery was made on July 15; and the letter containing the motion and notice was returned to the City on July 25. The other exhibit attached to appellant's motion for continuance is a letter complaining of amounts past due on a storage facility.

We find that appellant's evidence did not overcome the presumption that the City complied with the requisites for service under rule 21a, thus affording appellant adequate notice of the hearing under rule 166a(c). We hold that the trial court did not abuse its discretion in denying appellant's motion for continuance. We overrule points of error one through six.

### Summary Judgment Based on Limitations

Appellant's points of error seven through 18 complain that the trial court erred in reciting in the order granting summary judgment that there are no fact issues pertaining to limitations. He urges this Court to adopt his position that his 1985 refiling of the case related back to the original 1980 filing, which was dismissed without prejudice.

■ Under Texas Rules of Civil Procedure 166a(c), a summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Swilley v. Hughes,* 488

S.W.2d 64, 67 (Tex.1972). In a summary judgment proceeding, the burden of proof is on the movant, and all doubts about the existence of a genuine issue of fact are resolved against the movant. *Roskey v. Texas Health Facilities Comm'n,* 639 S.SW.2d 302, 303 (Tex.1982). The movant has the burden of showing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986).

■ Though pleadings may not generally be considered as summary evidence, they may form the basis for a summary judgment for a defendant when the plaintiff has filed his case outside the applicable statute of limitations. *Alice Roofing & Sheet Metal Works, Inc. v. Halleman,* 775 S.W.2d 869, 870 (Tex.App.—San Antonio 1989, no writ). When a motion for summary judgment is directed solely at the plaintiff's petition, the reviewing court must accept as true every allegation against which the motion is directed. *Abbott v. City of Kaufman,* 717 S.W.2d 927, 929 (Tex.App.—Tyler 1986, writ dism'd w.o.j.); *Gottlieb v. Hofheinz,* 523 S.W.2d 7, 10 (Tex.App.—Houston [1st Dist.] 1975, writ dism'd w.o.j.). If the pleading conclusively shows on its face that the moving party is entitled to judgment, the motion will be granted. *Gottlieb,* 523 S.W.2d at 10.

■ Section 16.003 of the Texas Civil Practice and Remedies Code provides a two year statute of limitations for causes of action involving personal injury. Suit must be brought "not later than two years after the day the cause of action accrues." TEX. CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). Appellant's first lawsuit, which was timely filed on June 26, 1980, was dismissed for want of prosecution. Appellant's 1980 case was not reinstated, *see Cotton v. Lyter,* 81 Tex. 10, 16 S.W. 553, 554 (1891); *George v. George,* 564 S.W.2d 172, 174 (Tex.Civ.App.—Tyler 1978, no writ) ("A dismissed suit after reinstatement stands upon the docket as if it had never been dismissed"), and his filing of the 1985 lawsuit under a different cause number did not relate back to the 1980 filing. The 1980 suit was not prosecuted to judgment, and limitations were not tolled. *Harrison v. McMurray,* 31 S.W. 612, 614 (Tex.1888); *Primitive Baptist Church v. Fla-Tex Corp.,* 158 S.W.2d 549, 554 (Tex. Civ.App.—Fort Worth 1942, writ ref'd w.o.m.). When a case is dismissed and refiled, limitations run from the time the cause of action accrued until the date of the refiling. *Griffith v. Associated Employers' Reciprocal,* 10 S.W.2d 129, 131 (Tex.Civ.App.—Eastland 1928, writ dism'd w.o.j.). For purposes of the 1985 filing, the statute of limitations ran on July 3, 1980.

In points of error 18 through 24, appellant argues that limitations are unconstitutional. Statutes that limit a party's time for filing suit have consistently been upheld by Texas courts against challenges that such laws violate constitutional guarantees of due process and equal protection.

■ A statute is presumed to be constitutional and should not be struck down by an intermediate appellate court except on clear and certain grounds. *See Smith v. Davis,* 426 S.W.2d 827, 831 (Tex.1968); *Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex.1983); *Barnes v. J.W. Bateson Co., Inc.* 755 S.W.2d 518, 521 (Tex.App.—Fort Worth 1988, no writ); *Nelson v. Metallic-Braden Bldg. Co.,* 695 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The party who asserts the statute is unconstitutional has the burden of persuasion. *McCullouch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918, 923 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

■ The primary purpose of section 16.003, as with all limitation statutes, is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990); *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988). The Texas Supreme Court has determined that "Section 16.003 embodies a legislative determination of what a 'reasonable time' is for bringing ... an action for injuries not resulting in death...." *Moreno,* 787 S.W.2d at 351.

Statutes of limitations are generally remedial only and do not affect substantive rights. *See Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644, 647 (Tex.App.—Houston [1st Dist.] 1983, writ denied).

In the present case, appellant filed his initial lawsuit within the two-year period prescribed in section 16.003. He now claims the statute was unconstitutional and was applied in an unconstitutional manner because he was unable to discover his injuries before 1991. A litigant may not assume a position in one proceeding that is wholly inconsistent with his stance in sworn pleadings and documents filed in a proceeding based on the same facts. *Balaban v. Balaban,* 712 S.W.2d 775, 777–78 (Tex.App.—Houston [1st Dist.] 1986, no writ). We hold that Cronin is estopped to deny that he discovered his injury within the two-year statute of limitations set forth in section 16.003. As such, he had his statutory opportunity to seek redress for alleged injuries and was not deprived of access to the courts.

We hold that the trial court did not commit error in granting the summary judgment based on limitations. We overrule points of error seven through 24.

### Other Points of Error

Appellant's other points of error pertain to his motion to record proceedings, motion for new trial, and motion for a lawyer. The motion to record proceedings requests that the trial court order "the proceedings" recorded for "preservation of a record ... including all proceedings in the cause, in or out of the courtroom." Appellant complains of the trial court's refusal to record a hearing on July 1, 1991. The docket entry reflects that this was a hearing on appellant's motion for continuance. We have nothing in the record to document the trial court's refusal. As such, we are unable to address this complaint on appeal. Tex.R.App.P. 52(a).

Appellant also asserts that the trial court erred in denying his motion for new trial. In support of his motion, appellant stated that he was prepared to offer hospital records documenting his injuries from the 1978 incident. He noted that these records were not available to him at the time the trial court signed the summary judgment. Appellant also maintains that the trial court told the court reporter to stop recording at the hearing on the motion for new trial and that the court reporter left information about his injury out of the statement of facts.

A trial court has wide discretion in denying a motion for new trial, and its action will not be disturbed on appeal absent a showing of an abuse of discretion. *Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex.1983). We hold that the trial court did not abuse its discretion in denying the motion for new trial.

Appellant also claims he applied for a court-appointed attorney, which the trial court denied. We find no authority that supports appellant's contention that he was entitled to assistance of counsel.

We overrule points of error 25–35. We affirm the judgment of the trial court.