Opinion issued May 15, 2003
 



 
 
 
 
 
 
 
 
 
In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00738-CV
 

 
 
ELENORA S. ROBINSON, Appellant
 
V.
 
ULTRAMAR DIAMOND SHAMROCK CORP., Appellee
 

 
 
On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2001-65276
 

 
 
MEMORANDUM OPINION ON REHEARING
 
            We deny appellant’s motion for rehearing. However, we withdraw our opinion issued
March 27, 2003 and issue this opinion in its place. 
            Appellant, Elenora S. Robinson, appeals the summary judgment rendered by the trial
court in favor of Ultramar Diamond Shamrock Corp. (Ultramar), appellee. We affirm. 
BACKGROUND
            On October 7, 1997, Robinson was injured in the course and scope of her employment
with a Stop-N-Go store owned by Ultramar.


 On December 27, 2001, Robinson sued Ultramar
for negligence. Robinson alleged that, after her injury on October 7, 1997, her supervisor told
her she was covered by workers’ compensation insurance; that she saw two physicians for
treatment for her injuries; and that she relied on Ultramar’s representation regarding coverage
in not filing suit against Ultramar for negligence. Robinson alleged that she discovered she
was not covered by workers’ compensation insurance on May 21, 2001 when she sought a
second opinion from a doctor who called Ultramar to confirm the workers’ compensation
coverage and was told that she had no workers’ compensation insurance and could be treated
only by health care workers approved by Ultramar. Robinson also alleged that her claims were
not barred by limitations because Ultramar fraudulently concealed the fact that she was not
covered by workers’ compensation insurance. 
            Ultramar filed a motion for summary judgment, asserting that Robinson was not an
employee of Ultramar; that Robinson had no claim for fraud, conspiracy, or negligence; and
that all of Robinson’s claims were barred by the two-year statute of limitations. Ultramar
attached several documents and two affidavits as summary judgment proof. Robinson then
filed a second amended petition, which did not assert causes of action for fraud or conspiracy,
and a response to Ultramar’s motion for summary judgment. In her response, she objected to
Ultramar’s summary judgment proof and attached her own affidavit, which recited her
allegations against Ultramar. The trial court granted Ultramar’s motion for summary judgment. 
On appeal, Robinson presents a single issue contending that Ultramar was not entitled to
summary judgment. 
DISCUSSION
Standard of Review
            We follow the usual standard for reviewing summary judgments, taking all evidence
favorable to the nonmovant as true, indulging every reasonable inference in the nonmovant’s
favor, and resolving any doubts in its favor. Randall’s Food Mkts., Inc. v. Johnson, 891
S.W.2d 640, 644 (Tex. 1995); Lawson v. B Four Corp., 888 S.W.2d 31, 33-34 (Tex.
App.—Houston [1st Dist.] 1994, writ denied). A defendant who relies on an affirmative
defense for a summary judgment must establish each element of that defense. Friendswood
Dev. Co. v. McDade & Co., 926 S.W.2d 280, 282 (Tex. 1996).
Statute of Limitations
            Robinson contends that Ultramar was not entitled to summary judgment because
Robinson’s objections to Ultramar’s summary judgment evidence should have been sustained
by the trial court. To determine whether Ultramar established its defense of statute of
limitations, we consider only Ultramar’s exhibit A, Robinson’s original petition. In the trial
court, Robinson objected to exhibit A on the ground that “such pleading has been superceded
by amendment.” 
            Robinson also complains, for the first time on appeal, that pleadings are not competent
summary judgment evidence. This complaint is waived. See Tex. R. App. P. 33.1. 
Furthermore, it has no merit. Although pleadings may not generally be considered as summary
judgment evidence, they may form the basis for a summary judgment when the defendant
asserts limitations as an affirmative defense. Cronen v. City of Pasadena, 835 S.W.2d 206,
210 (Tex. App.—Houston [1st Dist.] 1992, no writ), disapproved on other grounds, Lewis v.
Blake, 876 S.W.2d 314, 316 (Tex. 1994). 
            Robinson’s original petition alleged that her injury occurred on October 7, 1997. Her
second amended petition, filed more than a month after Ultramar filed its motion for summary
judgment, did not change that allegation. Both the original petition and the amended petition
allege that she reported her injury to her supervisor and, in November 1997, sought an
attorney’s advice regarding the injury. Therefore, the factual allegations that establish the
accrual of Robinson’s cause of action are the same in both petitions. In addition, Robinson’s
original petition shows the date on which Robinson filed her lawsuit— December 27, 2001,
more than two years after the date of her injury. Therefore, Robinson’s original petition is
competent evidence to establish Ultramar’s limitations defense. 
Fraudulent Concealment and Equitable Estoppel
            Robinson contends that Ultramar cannot prevail on its limitations defense because she
has created a fact issue regarding Ultramar’s fraudulent concealment. Robinson also complains
that Ultramar’s motion for summary judgment did not address her defense of equitable
estoppel. 
            Robinson’s equitable-estoppel defense is identical to her fraudulent-concealment
defense. Both defenses are based on Robinson’s allegation that Ultramar, through Robinson’s
supervisor, falsely represented to Robinson that she was covered by workers’ compensation
insurance and that Ultramar was estopped from asserting the statute of limitations as a defense
because of its false representation. 
            Fraudulent concealment is based upon the doctrine of equitable estoppel. Borderlon
v. Peck, 661 S.W.2d 907, 908 (Tex. 1983). If proved, the defense of fraudulent concealment
estops a defendant from relying on the statute of limitations as an affirmative defense until the
plaintiff discovers or, through reasonable diligence, could discover its cause of action. Id. 
Therefore, under the facts of the present case, when Ultramar challenged Robinson’s
fraudulent-concealment defense, it also challenged her equitable-estoppel defense. 
            To avoid summary judgment, a plaintiff who asserts fraudulent concealment as a
defense to the statute-of-limitations bar has the burden to raise a fact issue on each element of
its defense. Shah v. Moss, 67 S.W.3d 836, 846 (Tex. 2001). The plaintiff must show that the
defendant (1) actually knew a wrong occurred, (2) had a fixed purpose to conceal the wrong,
and (3) concealed the wrong from the plaintiff. Id. 
            As summary judgment evidence, Robinson attached her affidavit and the first two pages
of an employee handbook. The pages from the handbook did not contain any representations
regarding workers’ compensation insurance; therefore, they do not support Robinson’s
assertion of fraudulent concealment. 
            Robinson’s affidavit is merely a sworn version of the facts alleged in her second
amended petition: that an unnamed supervisor told her she was covered by workers’
compensation insurance, that she relied on this representation, and that Ultramar continued to
represent that she was covered by workers’ compensation insurance. Robinson’s affidavit is
conclusory


 in that it does not state facts showing who continued to represent that she was
covered by workers’ compensation insurance or in what manner the representation was made. 
Robinson’s affidavit does not raise a fact issue regarding any fixed purpose by Ultramar to
conceal any wrong that may have occurred or that Ultramar did, in fact, conceal any wrong.
            We hold that Robinson has not carried her burden of raising a fact issue on each
element of her fraudulent-concealment defense.
 CONCLUSION
            We overrule Robinson’s sole issue and affirm the judgment.  
            Appellant’s pending motion for en banc consideration is denied as moot.
 
                                                                        Sam Nuchia
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.