Affirmed and Memorandum Opinion filed April 29, 2004









Affirmed and Memorandum Opinion filed April 29, 2004.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00165-CV

____________

 

EDDIE TYLER, Appellant

 

V.

 

SENIOR WARDEN O.
PEREZ,
Appellee

 



 

On Appeal from the 157th
District Court

Harris County, Texas

Trial Court Cause No. 02-29340

 



 

M E M O R A N D U M   O P I N I O N

Eddie Tyler appeals the summary judgment
granted in favor of Senior Warden O. Perez. 
By one point of error, Tyler contends the statute of limitations does
not bar his lawsuit for personal injuries. 
We affirm the judgment of the trial court.

 

Factual and Procedural Background

Appellant complains of injuries he
allegedly suffered on or about November 5, 1998, while working in the kitchen
at the McConnell Unit of the Texas Department of Criminal 








Justice, Institutional Division.  Appellant filed a lawsuit on May 17, 2000
alleging appellee was negligent by failing to replace faulty seals on cooking
pots in violation of the prison=s safety
code.  This lawsuit was dismissed for
want of prosecution on October 5, 2001.  

Appellant filed a second lawsuit on June
10, 2002 for the same injuries that occurred on November 5, 1998 and based on
the same alleged negligence by appellee. 
Appellee filed an answer on August 14, 2002 and contemporaneously filed
a motion for summary judgment alleging appellant=s claims were
barred by limitations.  On January 10,
2003, the trial court granted appellee=s motion for
summary judgment and dismissed appellant=s lawsuit with
prejudice.  Appellant filed a response to
appellee=s summary
judgment; the response, however, was not filed until January 23, 2003, thirteen
days after the trial court ruled on the motion. 
Appellant=s sole issue on appeal is whether his
claims are barred by limitations. 

Discussion

 We
review the trial court=s grant of summary judgment to determine
whether the movant satisfied his burden to establish there is no genuine issue
of material fact and that he is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Property Mgmt. Co. Inc., 690
S.W.2d 546, 548B49 (Tex. 1985).  In a summary judgment proceeding, the burden
of proof is on the movant, and all doubts about the existence of a genuine
issue of material fact are resolved in favor of the non-movant.  Montgomery v. Kennedy, 669 S.W.2d 309,
311 (Tex. 1984); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979).  When the defendant
moves for summary judgment on an affirmative defense, his burden is to prove as
a matter of law all the elements of that defense; thus, a defendant seeking
summary judgment based on limitations must prove when the cause of action
accrued and, if pleaded by the non-movant, must negate the applicability of the
discovery rule.  Clear Creek Basin
Auth., 598 S.W.2d at 678; Seibert v. General Motors Corp., 853
S.W.2d 773, 775 (Tex. App.CHouston [14th
Dist.] 1993, no writ).








A plaintiff=s pleadings
generally are not competent summary judgment evidence; however, they may form
the basis of summary judgment when the defendant asserts limitations as an
affirmative defense.  Cronen v. City
of Pasadena, 835 S.W.2d 206, 210 (Tex. App.CHouston [1st
Dist.] 1992, no writ), overruled on other grounds by Lewis v. Blake, 876
S.W.2d 314, 315 (Tex. 1994).  When, as in
this case, summary judgment is based solely on plaintiff=s petition, we
must accept each allegation in the petition as true.  Am. Nat=l Ins. Co. v. Int=l Bus. Mach. Corp., 933 S.W.2d 685,
686 (Tex. App.CSan Antonio 1996, writ denied); Cronen,
835 S.W.2d at 210.  A party may plead
itself out of court by pleading facts that affirmatively negate its cause of
action.  Trail Enters., Inc. v. City
of Houston, 957 S.W.2d 625, 632 (Tex. App.CHouston [14th
Dist.] 1997, pet. denied).  If the
pleading on its face conclusively shows the moving party is entitled to summary
judgment based on limitations, the motion will be granted.  Cronen, 835 S.W.2d at 210.    

The statute of limitations for a personal
injury cause of action is two years from the day the cause of action
accrues.  Tex. Civ. Prac. & Rem. Code ' 16.003 (Vernon
2002).  Generally, a cause of action
accrues when the wrongful act effects an injury.  Moreno v. Sterling Drug, Inc., 787
S.W.2d 348, 351 (Tex. 1990).  In this
case, accepting appellant=s pleadings as true,[1]
the alleged wrongful act which caused appellant=s injuries
occurred on November 5, 1998; therefore, appellant was required to file his
cause of action no later than November 5, 2000. 
Accordingly, his lawsuit filed on June 10, 2002 is untimely because it
was filed after limitations expired.  








On appeal, appellant argues application of
the discovery rule tolls limitations because appellee concealed relevant
information relating to the cause of his injuries.  Appellant=s argument fails,
however, because in order to claim application of the discovery rule, appellant
was required to affirmatively plead its application in his petition.  Woods v. William M. Mercer, Inc., 769
S.W.2d 515, 518 (Tex. 1989); Snell v. Sepulveda, 75 S.W.3d 142, 144 (Tex.
App.CSan Antonio 2002,
no pet.).  Because appellant failed to
plead application of the discovery rule, this argument is waived.  Woods, 769 S.W.2d at 518.  

We overrule appellant=s sole issue on
appeal and hold appellant=s cause of action is barred by
limitations.  Accordingly, we affirm the
judgment of the trial court.

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed April 29, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

 











[1]  Additionally,
appellant, in his petition, declared under penalty of perjury that the facts
alleged therein were true and correct. 
Pursuant to Chapter 132 of the Texas Civil Practice and Remedies Code,
this declaration may be used in lieu of a written sworn declaration,
verification, certification, oath, or an affidavit.  Tex.
Civ. Prac. & Rem. Code Ann. ''
132.001B.003 (Vernon 1997).