

# NUMBER 13-10-00328-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

RICHARD L. DOCKUM,                                                    **Appellant,**

**v.**

**WAL-MART STORES TEXAS, LLC**                              **Appellee.**

**On appeal from the 357th District Court
of Cameron County, Texas.**

_____

# MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

Richard L. Dockum, pro se appellant, filed a premises defect and gross negligence suit against Wal-Mart Stores Texas, LLC, appellee. Dockum appeals a take-nothing summary judgment granted in favor of Wal-Mart. By five issues, Dockum argues the trial

court erred by (1) granting Wal-Mart's traditional motion for summary judgment based on limitations and other grounds; (2) not granting his motion to compel Wal-Mart to answer discovery; (3) denying his request for a bench warrant or telephone hearing; (4) denying his right to sue the builders of "and all that worked on" Wal-Mart's building; and (5) not holding that Wal-Mart should have settled this lawsuit. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Dockum filed this lawsuit against Wal-Mart in August 2008, seeking to recover $19 million in damages from Wal-Mart for personal injuries he allegedly suffered in July 2003 from a defective roof on a Wal-Mart store in Brownsville, Texas. In his petition, Dockum alleged he was a customer of the Wal-Mart store and that Wal-Mart was negligent and grossly negligent in its roof maintenance.

Wal-Mart answered the lawsuit and asserted as an affirmative defense that Dockum's suit was barred by the two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2002). Wal-Mart moved for summary judgment on the basis of limitations and other grounds.[1] The trial court granted Wal-Mart's motion without stating the reason for its ruling. This appeal followed.[2]

## II. STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To obtain a traditional summary judgment, a

---

[1] Wal-Mart also argued in its motion for summary judgment that res judicata and collateral estoppel barred this lawsuit. Wal-Mart previously obtained a summary judgment against Dockum in federal district court in a matter which encompassed the same subject matter and alleged injuries as the current action. The federal court held the claim was barred by limitations. *See Dockum v. Wal-Mart Stores Texas, LP*, No. B-06-025, 2006 U.S. Dist. LEXIS 36447 (S.D. Tex. June 2, 2006), *aff'd*, *Dockum v. Wal-Mart Stores Tex., LP*, 220 Fed. Appx. 335, 2007 U.S. App. LEXIS 5177, 2007 WL 671329 (5th Cir. Mar. 5, 2007).

[2] On July 15, 2010, after perfecting this appeal, Dockum filed a motion titled "Motion for Bond on Appeal in a Civil Case and a Forma Pauperis to Cover Bond Cost." Dockum's motion was carried with the appeal and is hereby dismissed as moot.

movant must either negate at least one element of the plaintiff's theory of recovery or plead and conclusively establish each element of an affirmative defense. *See* TEX. R. CIV. P. 166a(c); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Once the movant produces sufficient evidence to establish the right to summary judgment, the nonmovant must present evidence sufficient to raise a fact issue. *Centeq Realty, Inc.*, 899 S.W.2d at 197. We examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference in the nonmovant's favor and resolving any doubts against the movant. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005) (citing *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2003)).

When the summary judgment motion is based on several different grounds and the judgment is silent as to the reason for granting the motion, an appellant must show that each independent ground alleged in the motion is insufficient to support the summary judgment. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam); *Rogers v. Ricane Enters, Inc.*, 772 S.W.2d 76, 80 (Tex. 1989).

### III. ANALYSIS

#### A. Appellate Jurisdiction

We first review *sua sponte* whether the trial court's judgment is a final, appealable judgment because it did not dispose of four "generically identified" defendants listed in Dockum's original petition. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Appellate courts are obligated to review *sua sponte* issues affecting their own jurisdiction. *Id.*; *see also Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 812 (Tex. App.— Corpus Christi 2009, pet. denied).

3

A summary judgment may be final, even though it does not dispose of all parties named in the petition, if the remaining party was never served with citation and did not file an answer and nothing in the record indicates that the plaintiff ever expected to obtain service upon the remaining party. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962) (describing when failure to obtain service on a defendant may be treated as a "discontinuance" of suit for purposes of determining finality of judgment); *see also M.O. Dental Lab.,* 139 S.W.3d at 674–75 (concluding summary judgment was final when one defendant was unserved and the record showed no intent to serve the remaining defendant). More specifically, a judgment is final for purposes of appeal when (1) the judgment expressly disposes of some, but not all defendants; (2) the only remaining defendants have not been served or answered; and (3) nothing in the record indicates that the plaintiff ever expected to obtain service on the unserved defendants. *Sondock v. Harris County Appraisal Dist.,* 231 S.W.3d 65, 67 n.1 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

In the petition, Dockum generically identified the "ENGINEERING COMPANY, ROOFING COMPANY, INSPECTOR OF JOB, [and] CONSTRUCTION COMPANY" as defendants "to be named" in the future. There is no indication in the record that they were ever specifically identified by name in the lawsuit, that citation was served on any of these defendants, or that Dockum ever expected to obtain service on these defendants. None of these defendants answered the lawsuit. Accordingly, we conclude the judgment is final for purposes of appeal, and that this Court has appellate jurisdiction. *See id.*

4

## B. The Trial Court's Summary Judgment Ruling

By his first issue, Dockum argues the trial court erred by granting Wal-Mart's motion for summary judgment. On appeal, Dockum emphasizes that Wal-Mart was not entitled to summary judgment on the basis of res judicata and collateral estoppel. Dockum, however, does not address in any depth Wal-Mart's summary-judgment argument made in the trial court that it was entitled to judgment on the basis of limitations.[3]

A defendant seeking summary judgment based on limitations must prove when the cause of action accrued and, if pleaded by the non-movant, must negate the applicability of the discovery rule. *In re Estate of Herring*, 970 S.W.2d 583, 586 (Tex. App.—Corpus Christi 1998, no pet.); *Seibert v. General Motors Corp.,* 853 S.W.2d 773, 775 (Tex. App.—Houston [14th Dist.] 1993, no writ). A plaintiff's pleadings generally are not competent summary judgment evidence; however, they may form the basis of summary judgment when the defendant asserts limitations as an affirmative defense. *Cronen v. City of Pasadena,* 835 S.W.2d 206, 210 (Tex. App.—Houston [1st Dist.] 1992, no writ), *overruled on other grounds, Lewis v. Blake,* 876 S.W.2d 314, 315 (Tex.1994) (per curiam); *Alice Roofing & Sheet Metal Works, Inc. v. Halleman*, 775 S.W.2d 869, 870–71 (Tex. App.—San Antonio 1989, no writ).

---

[3] In his trial response, Dockum generally asserts that a ten-year statute of limitations should apply. TEX. CIV. PRAC. & REM. CODE 16.008, 16.009 (West 2002) (statutes of repose). In his appellate brief, however, Dockum only makes the following general reference: "appellant refiled suit when he found … the owner could be suit [sic] under a 10 year statute of limitations from the time the store first opens."

Dockum did not include his ten-year statute of limitation argument as an issue on appeal, and did not make a clear and concise argument for the contentions made with appropriate citations to applicable statutes or other legal authority. TEX. R. APP. P. 38.1 (f, i). Moreover, a statute of repose is an affirmative defense and does not extend an otherwise applicable statute of limitations. TEX. CIV. PRAC. & REM. CODE 16.009 (f) (West 2002); *see also Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003) (statutes of repose provide "absolute protection to certain parties from the burden of indefinite potential liability"); *Styers v. Harris County*, 838 S.W.2d 955, 956–57 (Tex. App.—Houston [14th Dist.] 1992, writ ref'd) (explaining that a statute of repose does not extend an otherwise applicable statute of limitations).

When, as in this case, summary judgment is based solely on the plaintiff's petition, we must accept each allegation in the petition as true. *Am. Nat'l Ins. Co. v. Int'l Bus. Mach. Corp.,* 933 S.W.2d 685, 686 (Tex. App.—San Antonio 1996, writ denied); *Cronen*, 835 S.W.2d at 210. A party may plead itself out of court by pleading facts that affirmatively negate its cause of action. *Trail Enters., Inc. v. City of Houston,* 957 S.W.2d 625, 632 (Tex. App.—Houston [14th Dist.] 1997, pet. denied); *Halleman*, 775 S.W.2d at 870. If the pleading on its face conclusively shows the moving party is entitled to summary judgment based on limitations, the motion will be granted. *Cronen*, 835 S.W.2d at 210; *Halleman*, 775 S.W.2d at 870–71. The statute of limitations for a personal injury cause of action is two years from the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2002). Generally, a cause of action accrues when the wrongful act effects an injury. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990).

Accepting Dockum's pleadings as true, Dockum sustained his injury on Wal-Mart's premises on July 5, 2003; therefore, the statute of limitations expired before August 25, 2008, when Dockum filed this lawsuit. Dockum did not plead the discovery rule and does not argue it on appeal. We conclude the trial court correctly granted Wal-Mart's motion for summary judgment on limitations grounds. Dockum's first issue on appeal is overruled.

## C. Dockum's Motion to Compel Wal-Mart to Answer Discovery

By his second issue, Dockum complains Wal-Mart never answered his discovery requests, and argues the trial court erred by not compelling Wal-Mart to answer. To preserve a complaint for appellate review, a party must show that he timely made the complaint to the trial court. TEX. R. APP. P. 33.1.

6

Dockum waived this complaint because he failed to timely raise it in the trial court. The trial court signed the summary judgment against Dockum on January 8, 2009. Dockum, however, did not file his motion to compel Wal-Mart to answer discovery until August 6, 2009. Inasmuch as Dockum did not file a motion for new trial or any other post-judgment motion within thirty days after the judgment was signed, the trial court's plenary power over the case expired thirty days after the summary judgment was signed.[4] *See* TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Therefore, the trial court was without authority to address Dockum's motion. *See* TEX. R. APP. P. 33.1; *Clewis v. Safeco, Ins. Co.*, 287 S.W.3d 197, 203 (Tex. App.—Fort Worth 2009, no pet.) ("Proceedings related to the trial court's judgment after its plenary power has expired are generally beyond the trial court's jurisdiction."). Dockum's second issue is overruled.

### D. Dockum's Third, Fourth, and Fifth Issues on Appeal

Dockum has waived any appellate review of his third, fourth, and fifth issues by not supporting these issues with citation to the record or legal authority. *See* TEX. R. APP. P. 38.1(i). Bare assertions of error without proper citation to the record or to authority waive error. *See Kansas City S. v. Port of Corpus Christi Auth.*, 305 S.W.3d 296, 303 (Tex. App.—Corpus Christi 2009, pet. denied); *Goodenberger v. Ellis*, 343 S.W.3d 536, 539–40 (Tex. App.—Dallas 2011, pet. denied); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) (holding pro se litigants must comply with procedures

---

[4] The clerk's record does not include a motion for new trial. The clerk's record shows the only motion Dockum filed within thirty days of the signing of the summary judgment was titled "Motion to Appeal the Granting of Summary Judgment." In that motion, Dockum requested permission to appeal the summary judgment. However, he did not seek to relitigate his case in the trial court or request any modification of the judgment. Because Dockum did not include a request to relitigate the case in his motion, this motion was not a motion for new trial. *See* TEX. R. CIV. P. 320, 329b; *Barry v. Barry*, 193 S.W.3d 72, 74 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

7

established by rules notwithstanding the fact that they are not licensed attorneys).  Issues three through five were inadequately briefed, and as a result, Dockum has waived error, if any.  We overrule issues three through five.

## IV.  CONCLUSION

We affirm the trial court's judgment.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
26th day of January, 2012.