**AFFIRM; and Opinion Filed February 5, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-16-01032-CV
_____

**EARNEST WILLIAMS, Appellant**

**V.**

**FLEXFRAC TRANSPORT, LLC; FLEX CAPITAL TRANSPORT, LLC; FLEXFRAC OILFIELD, LLC; FLEXFRAC PROPANT SAND SUPPLIERS, LLC; ANDY ADAMS AND MICAH TORRES, Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-08615**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Schenck

Earnest Williams appeals a judgment in favor of FlexFrac Transport LLC (FlexFrac) and Flex Capital Transport LLC (Flex Capital) (collectively the "Flex Entities") on his wrongful termination claim. In four issues, Williams challenges the jury's finding against him on causation, and asserts the trial court erred (1) in excluding portions of the Department of Labor's (DOL) investigative report, (2) in granting FlexFrac a new trial after default, and (3) in denying his request to set aside his nonsuit of certain claims. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

Williams was employed as a truck driver for the Flex Entities, delivering frac sand and supplies to oil and gas well sites. His employment began on June 27, 2012, and ended on or about August 12, 2012. During his employment, Williams received at least three pay checks. Williams admits that the first two pay checks were issued in the proper amount. Williams contends that the third pay check was short by $1,600.

On or about August 10, 2012, Williams complained to the Flex Entities about his third pay check. The Flex Entities, through Human Resources Manager Jennifer Adkins and Operations Manager Corey Oseman informed Williams that his pay was proper and calculated in the same manner as the previous payments. Williams contends that his employment was terminated on or about August 12, 2012, in response to his complaint about his pay. The Flex Entities contend they did not fire Williams, but rather, Williams quit. Alternatively, the Flex Entities contend that if they had in fact fired Williams, by virtue of the statements allegedly made by employee Vincent Willis, they did so because he was a poor employee with a poor record for performance, not because he complained about his pay.

Several months after his employment ended, Williams filed a complaint with the Department of Labor alleging that he had been retaliated against for complaining about his wages. Williams had previously filed complaints with the DOL claiming at least two of his former employers had underpaid his wages. The DOL conducted an investigation and issued a report with its findings. The DOL found there had been a violation of the Fair Labor Standard Act's (FLSA) anti-retaliation provision and calculated back wages of $63,554 in its case.

On August 5, 2014, Williams filed his lawsuit against FlexFrac, Andy Adams (President of FlexFrac), and Micah Torres (a managing member of FlexFrac). On November 13, 2014, the trial court granted Williams' motion for default judgment against FlexFrac. At that time, Adams

and Torres had not been served. Williams non-suited his claims against them, making the default judgment against FlexFrac a final judgment. On December 10, 2014, FlexFrac filed a motion for new trial seeking to set aside the default judgment. On January 22, 2015, the trial court granted FlexFrac's motion. On December 3, 2015, almost a year later, Williams served his original petition on Adams, without reinstating him as a party. Adams filed an answer within the time specified in the citation. On February 17, 2016, Williams filed a first amended petition, adding as defendants, Flex Capital, FlexFrac Oilfield LLC, and FlexFrac Proppant Sand Suppliers LLC. On February 22, 2016, Adams filed a motion for summary judgment asserting Williams had no live pleading naming him as a defendant when he was served, and Williams' claims against him are barred by limitations. Williams then filed a motion to set aside the nonsuit and reinstate Adams as a defendant in the case. On March 22, 2016, the trial court denied Williams' motion, mooting Adams' motion for summary judgment.

The case proceeded to trial before a jury. After the parties rested and closed, Williams notified the trial court that he was no longer pursuing claims against FlexFrac Oilfield LLC and FlexFrac Proppant Sand Suppliers LLC. Thus, the only claims submitted to the jury concerned the Flex Entities. The jury found Williams was employed by both FlexFrac and Flex Capital, he engaged in a protected activity under the FLSA, and he was terminated by his employers. In response to a question as to whether Williams had shown by a preponderance of the evidence that the Flex Entities would not have terminated him but for his engaging in an FLSA protected activity, the jury answered "No." The trial court entered judgment on the verdict and ordered that Williams take nothing by his suit against the Flex Entities. The trial court denied Williams' motion for a new trial, and this appeal followed.

## DISCUSSION

I.        DOL Investigative Report

–3–

In his first issue, Williams claims the trial court erred in excluding evidence of the DOL's final determination of his claim of unlawful termination in retaliation for participating in a protected activity, and that he was substantially prejudiced by such exclusion. Williams sought to introduce, and appellees sought to exclude, the entire investigative report of the DOL. The trial court admitted the report with the exception of the DOL's conclusions.

To preserve error concerning the exclusion of evidence, the complaining party must actually offer the evidence and secure an adverse ruling from the court. *See Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 334 (Tex. App.—Dallas 2008, no pet.). Thus, when evidence is excluded by the trial court, the proponent of the evidence must preserve the evidence in the record in order to complain of the exclusion on appeal. TEX. R. EVID. 103(a),(b); *Bobbora*, 255 S.W.3d at 335. An offer of proof preserves error for appeal if: (1) it is made before the court, the court reporter, and opposing counsel, outside the presence of the jury; (2) it is preserved in the reporter's record; and (3) it is made before the charge is read to the jury. *Bobbora*, 255 S.W.3d at 335. When no offer of proof is made before the trial court, the party must introduce the excluded testimony into the record by a formal bill of exception. *See Sw. Country Enters., Inc. v. Lucky Lady Oil Co.*, 991 S.W.2d 490, 494–95 (Tex. App.—Fort Worth 1999, pet. denied). A formal bill of exception must be presented to the trial court for its approval, and, if the parties agree to the contents of the bill, the trial court must sign the bill and file it with the trial court clerk. TEX. R. APP. P. 33.2(c); *Bryan v. Watumull*, 230 S.W.3d 503, 516 (Tex. App.—Dallas 2007, pet. denied). Failure to demonstrate the substance of the excluded evidence results in waiver. TEX. R. APP. P. 33.1(a)(1)(B); *Sw. Country Enters., Inc.,* 991 S.W.2d at 494.

Williams made no offer of proof or bill of exception regarding the excluded evidence. Rather, he refers the Court to the un-redacted DOL report that was on file with the trial court as part of the earlier summary judgment proceeding. While the summary judgment evidence is part

of the record on appeal, it is not a proper bill of exception or an offer of proof. *Malone v. Foster*, 956 S.W.2d 573, 577–78 (Tex. App.—Dallas 1997), *aff'd,* 977 S.W.2d 562 (Tex. 1998). The reviewing court may be able to discern from the record the nature of the evidence and propriety of the trial court's ruling, but without an offer of proof or bill of exception, the trial court is deprived of a contemporaneous opportunity to correct any error and we generally cannot determine whether exclusion of the evidence was harmful. *Sink v. Sink*, 364 S.W.3d 340, 346 (Tex. App.—Dallas 2012, no pet). Thus, Williams failed to preserve this issue for appeal. *See id.*

Were we to reach the merits of Williams' first issue, we would nevertheless overrule it. Williams has failed to demonstrate that any potential error in excluding the DOL's conclusion was harmful, that is, the exclusion was calculated to cause and probably did cause the rendition of an improper judgment. TEX. R. APP. P. 44.1(a); *Mentis v. Barnard*, 870 S.W.2d 14, 15 (Tex. 1994). Williams asserts that the DOL concluded the Flex Entities terminated his employment in retaliation of his complaint to the DOL and that exclusion of the conclusion was improper and harmful. A "successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted." *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000).

The jury's verdict and the trial court's judgment turned on the question of whether Williams proved by a preponderance of the evidence that the Flex Entities would not have terminated him but for his engaging in an FLSA-protected activity. The focus of the DOL report was whether Williams had engaged in a protected activity and whether he was terminated. During the investigation, the Flex Entities maintained that Williams' employment had not been terminated, but rather he voluntarily quit when his demands for additional payment were not met. Like the DOL, the jury found against the Flex Entities on that issue. But the jury had to also decide whether the Flex Entities would not have terminated Williams "but for" his engaging in the protected

activity. The DOL did not consider or reach that issue. Consequently, the excluded evidence did not turn on the ultimate issue that resulted in a judgment against Williams. We overrule William's first issue.

II.    "But For" Causation

In his second issue, Williams claims the evidence is factually insufficient to support the jury's finding that he did not prove that but for his engaging in a protected activity he would not have been terminated.

In addressing a factual-sufficiency-of-the-evidence challenge upon a jury verdict, we must consider and weigh all of the evidence, not just that evidence which supports the verdict. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *City of Princeton v. Abbott*, 792 S.W.2d 161, 163 (Tex. App.—Dallas 1990, writ denied). The verdict should be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain*, 709 S.W.2d at 176; *Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex. 1985). However, this Court is not a fact finder, and we generally will not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even if a different answer could be reached upon review of the evidence. *Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex. App.—Dallas 1986, writ ref'd n.r.e.).

Williams argues that at trial he established he engaged in a protected activity and was terminated two days later without reason. He further urges that the Flex Entities failed to present any evidence or explanation as to why he was terminated. The record reveals otherwise. Williams relied on a purported telephone conversation between himself and Willis to establish his employment had been terminated. The transcript of that phone conversation was admitted into evidence as part of the DOL's investigation report. During that phone conversation, Willis told Williams that he was being let go because the Flex Entities had problems with him and he was not

a good fit. Thus, contrary to Williams' argument, he was given a reason. Moreover, when Williams confronted Willis saying you all are mad because I filed a claim with the DOL, Willis responded "We don't even care about that because we have everything documented on you." The record includes email documentation of internal communications concerning Flex's concerns with Williams' job performance, beginning more than a month before Williams complained about his pay. The jury also heard testimony that Williams was a poor employee, had a bad attitude, was constantly late, was hard to reach, would not return phone calls, would not answer his phone in the field, incessantly complained, and generally was not a good employee. Tony Koch, the individual in charge of dispatch at FlexFrac during Williams' employment, testified, in contradiction to Williams, that he spoke with Williams two to three times in late July and early August of 2012 about complaints concerning his performance and availability, and that according to the companies' records Williams should have been available to take loads when he was non-responsive.

Williams argues that the record is replete with evidence that contradicts the Flex Entities' version of the events, including his driver logs that show during the time he was purportedly non-responsive, he was in a remote area out of range for his cell phone, on break, or asleep in his truck, and he did in fact accept and deliver loads on the days referenced in the emails. The jury, as the fact finder, was in the best position to judge the credibility of the witnesses and the weight to be given their testimony, including the validity of the logs Williams created. *Leibovitz v. Sequoia Real Estate Holdings, L.P.*, 465 S.W.3d 331, 350 (Tex. App.—Dallas 2015, no pet.). In this case, the jury found the testimony of the Flex Entities' witnesses and the internal emails documenting issues with Williams, which began a full month before Williams complained about his pay, to be more credible than the testimony of Williams and his account of why he did not respond to dispatch.

Considering and weighing all of the evidence in the record pertinent to the finding against Williams on the causation issue, we determine that the finding is not contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust. Accordingly, we conclude that the evidence is factually sufficient to support the jury's finding Williams did not show by a preponderance of the evidence that the Flex Entities would not have terminated him but for his engaging in an FLSA-protected activity. Accordingly, we overrule William's second issue.

### III. New Trial after Default

In his third issue, Williams claims the trial court erred in granting FlexFrac's motion for new trial following the entry of a default judgment because FlexFrac failed to establish all the factors set out in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (1939).

Generally, an order granting a motion for new trial within the trial court's plenary power "is not subject to review either by direct appeal from that order or from a final judgment rendered after further proceedings in the trial court." *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984); *see also In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding). Two exceptions to the general rule have been recognized: (1) when the trial court's order is wholly void; and (2) when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). Neither exception applies in this case. Accordingly, we overrule Williams' third issue.

### IV. Suit against Adams

Finally, Williams claims the trial court erred by denying his request to set aside his non-suit of Adams and to reinstate Adams as a party to this case. A motion to reinstate the cause upon which the plaintiff has taken a nonsuit is directed to the sound discretion of the trial judge, and his action will only be disturbed by an appellate court upon the

showing of a clear abuse of discretion. *Chester v. Tex. Emp'rs Ins. Ass'n*, 265 S.W.2d 648, 651 (Tex. Civ. App.–Texarkana 1954, writ ref'd n.r.e.); *Butler v. Light Pub. Co.*, 112 S.W.2d 542, 543 (Tex. Civ. App.—San Antonio 1937, writ dism'd).

Williams argues the trial court should have reinstated Adams as a party because doing so would have eliminated the limitations issue and Adams filed an answer after being served. Williams cites no authority to support his argument that his claim against Adams should be reinstated because Adams filed an answer, and we find none. In support of his argument concerning the limitations issue, Williams relies on the Texas Supreme Court 1891 decision in *Cotton v. Lyter,* 81 Tex. 10 (1891). That case is distinguishable because there the trial court refused to set aside the nonsuit and reinstate the plaintiff's cause of action solely because the court mistakenly thought doing so would not cure the limitations issue. *Id.* at 12. In this case, the trial court did not specify the reason for its denial of Williams' request. Williams concedes he non-suited his claims against Adams and Torres on November 12, 2014, in order to make the default judgment a final judgment.

Notwithstanding the trial court's granting of FlexFrac's motion for new trial on January 5, 2015, Williams did not file his motion to reinstate Adams as a party to the lawsuit until March 14, 2016. Under these circumstances, we conclude the trial court did not abuse its discretion in overruling Williams' motion to reinstate. Moreover, Williams did not assert a claim against Adams that was independent of his claims against the Flex Entities, upon which he did not prevail. Consequently, had the trial court reinstated Williams' claim against Adams, it would not have impacted the judgment in this case. We overrule Williams' fourth issue.

–9–

**CONCLUSION**

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

161032F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EARNEST WILLIAMS, Appellant

No. 05-16-01032-CV     V.

FLEXFRAC TRANSPORT, LLC; FLEX
CAPITAL TRANSPORT, LLC;
FLEXFRAC OILFIELD, LLC;
FLEXFRAC PROPANT SAND
SUPPLIERS, LLC; ANDY ADAMS AND
MICAH TORRES, Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-08615.
Opinion delivered by Justice Schenck.
Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees FLEXFRAC TRANSPORT, LLC; FLEX CAPITAL
TRANSPORT, LLC; FLEXFRAC OILFIELD, LLC; FLEXFRAC PROPANT SAND
SUPPLIERS, LLC; ANDY ADAMS AND MICAH TORRES recover their costs of this appeal
from appellant EARNEST WILLIAMS.

Judgment entered this 5th day of February, 2018.