Ruben FUENTES and Texas Workers'
Compensation Insurance Fund,
Appellants,

v.

CONTINENTAL CONVEYOR &
EQUIPMENT COMPANY,
INC. et al, Appellees.

No. 11–00–00404–CV.

Court of Appeals of Texas,
Eastland.

Nov. 1, 2001.

John E. Gibson, Lubbock, for appellants.

Robert Hogan, Michael Byrd, Gorsuch & Byrd, Lubbock, for appellant Texas Workers Compensation.

Layton Z. Woodul, Cecil Kuhne, Crenshaw, Dupree & Milam, Lubbock, for appellees.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

Ruben Fuentes and Texas Workers' Compensation Insurance Fund (the Fund) appeal the trial court's summary judgment in favor of Continental Conveyor & Equipment Company, Inc., and its affiliates, Nesco, Inc., and Continental Conveyor & Equipment Company, L.P. (Continental). The trial court did not specify which of Continental's eight grounds it relied on in granting summary judgment; thus, appellants present eight issues on appeal. In their fifth issue, they argue that the trial court erred if it found that Continental "constructed" an "improvement" within the ten-year statute of repose, TEX. CIV. PRAC. & REM. CODE ANN. § 16.009 (Vernon 1986). Because we find that Section 16.009 applies, we affirm.

*Background Facts*

In November 1995, Fuentes was injured while working as an employee at the Adcock Gin. Fuentes fell onto a conveyor belt and was carried into a "hot box." In the hot box, Fuentes was struck repeatedly with steel paddles. Because it paid benefits to Fuentes under Adcock Gin's workers' compensation policy, the Fund acquired a subrogation interest under TEX. LAB. CODE ANN. § 417.001(a) (Vernon Supp.2001) against any liable third parties.

Continental manufactured and sold the conveyor belt to Adcock Gin; it was installed in 1981. Texas Manufacturing Company manufactured and sold the hot box to Adcock Gin in 1991.[1] Appellants based their claims against Continental on: (1) negligence in design, manufacture, and marketing of the conveyor belt; (2) breach of express warranty; and (3) breach of implied warranties of merchantability and/or fitness for a particular purpose.

Larry Keith Harrington, Continental's representative at trial, testified that Continental's records showed that Adcock Gin paid Continental to supervise the installation of the conveyor belt and that Continental did supervise the installation but that Continental's records did not show whether Continental or Adcock Gin provided the labor to install the conveyor belt the trial court.

---

1. Texas Manufacturing is not a party to this appeal. The claims against it were severed by the trial court.

and that he did not remember who provided the labor. Appellants did not rebut Harrington's testimony that Continental supervised the installation of the conveyor system.

*Standard of Review*

A trial court must grant a motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). A trial court properly grants summary judgment for a defendant if the defendant establishes all the elements of an affirmative defense. *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Once the movant establishes his right to a summary judgment, the non-movant must come forward with evidence of law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979). When reviewing a summary judgment, the appellate court takes as true evidence favorable to the non-movant. *American Tobacco Company, Inc. v. Grinnell*, supra at 425; *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985).

The order of the trial court does not specify the grounds for its summary judgment; therefore, appellants must defeat each summary judgment ground urged by Continental. *State Farm Fire & Casualty Company v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

*Section 16.009 Statute of Repose*

Section 16.009 is a statute of repose. As opposed to a traditional statute of limitations where the time period begins running when a cause of action accrues, the time period for a statute of repose begins running when the improvement is substantially completed. See *Dallas Market Center Development Company v. Beran & Shelmire*, 824 S.W.2d 218 (Tex. App.—Dallas 1991, writ den'd). Section 16.009 reads in part:

> (a) A claimant must bring suit for damages for [personal injury and other injuries] against a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.

Appellants argue that Section 16.009 does not protect Continental for two reasons. First, the conveyor belt was not an "improvement" within the meaning of Section 16.009. Second, even if it was an "improvement," Continental did not "construct" it within the meaning of Section 16.009 because Continental did not prove that it provided the labor for the installation. We disagree.

The Texas Supreme Court in *Sonnier v. Chisholm–Ryder Company, Inc.*, 909 S.W.2d 475 (Tex.1995), held that an off-site manufacturer of personalty used in the construction of an improvement may not claim the protection of Section 16.009 if another party attached the personalty to the realty. The court first found that, like a fixture, an "improvement" requires annexation to realty and that, until something is annexed to realty, it cannot be considered an "improvement." *Id.* at 479. In determining whether personalty has become attached to realty, the supreme court considers three factors: (1) the mode and sufficiency of annexation, either real or constructive; (2) the adaptation of the personalty to the use or purpose of the realty; and (3) the intention of the owner. Of

these, the third factor of the owner's intent is preeminent, and the first two factors are considered evidence of that intent. *Id.* at 479. Even if the personalty becomes an "improvement," the manufacturer must be one who "constructs" the improvement to be protected by Section 16.009. "Constructs" means annexing the personalty to the realty, thereby transforming the personalty into an "improvement." *Id.* at 479. The supreme court reasoned:

> Personalty is not an improvement until annexed to realty; the manufacturer of personalty does not "construct" an improvement because there is no relationship with the annexation.

*Sonnier v. Chisholm–Ryder Company, Inc.,* supra at 481.

Subsequent to *Sonnier, Reames v. Hawthorne–Seving, Inc.,* 949 S.W.2d 758 (Tex. App.—Dallas 1997, writ den'd), affirmed the trial court's summary judgment for the manufacturer of a conveyor belt based on Section 16.009. In *Reames,* the court rejected the plaintiffs' arguments that the conveyor belt was not an "improvement" and that the defendants did not "construct" the conveyor belt within the meaning of Section 16.009. The facts in *Reames* were similar to those before us, and we find that decision to be persuasive.

*Reames* involved an action brought by a workers' compensation carrier on behalf of a worker who had been injured by a conveyor belt at the Marazzi tile plant. The conveyor belt was part of a system that transported powder used in the process of making tiles. The conveyor belt involved in Fuentes' injury was used to transport cotton for processing. Although the conveyor belt in *Reames* was on wheels and could be moved to clean the powder dryer, the court found that it was constructively attached to the realty. Harrington testified that Continental's conveyor belt was attached and bolted to the concrete at Adcock Gin and that it was permanently affixed to the realty. The *Sonnier* court noted that "the mode and sufficiency of annexation" and "the adaptation of the personalty to the use or the purpose of the realty" are evidence of the owner's intent. *Sonnier v. Chisholm–Ryder Company, Inc.,* supra at 479. Thus, Harrington's testimony was evidence that Adcock Gin meant for the conveyor belt to be an improvement. Fuentes and the Fund did not rebut this evidence with contrary evidence of Adcock Gin's intent. We find that Continental's conveyor belt was an "improvement."

■ A party who is not connected with annexing the item to real property does not "construct" an improvement. *Sonnier v. Chisholm–Ryder Company, Inc.,* supra at 479–80. In *Reames,* Hawthorne–Seving designed the conveyor belt system and arranged for its construction and installation by a subcontractor. The court found that Hawthorne–Seving had the required relationship with the annexation of the conveyor belt system to the realty at Marazzi's tile plant because Hawthorne–Seving was a general contractor who supervised the installation. Holding that Section 16.009 protected Hawthorne–Seving, the court reasoned:

> As the general contractor, Hawthorne–Seving bore ultimate responsibility to Marazzi for the proper installation of the conveyor belt system.

*Reames v. Hawthorne–Seving, Inc.,* supra at 763.

Harrington testified that, as part of Continental's contract with Adcock Gin, Continental supplied an erection supervisor to "supervise and assist" in the installation of the conveyor belt system. Adcock Gin contracted for Continental to supervise the installation because it wanted Continental to bear the ultimate re-

sponsibility for the proper installation of Continental's conveyor belt system. We find that Continental "constructed" an improvement within the meaning of Section 16.009. *Reames v. Hawthorne–Seving, Inc.,* supra.

We hold that the trial court properly granted summary judgment for Continental based on Section 16.009.

### This Court's Ruling

The judgment of the trial court is affirmed.