11th Court of Appeals








11th
Court of Appeals

Eastland,
Texas

Opinion

Colan W. McRae

Appellant

Vs.                   No.
11-01-00335-CV B
Appeal from Dallas County

KONE, Inc. f/k/a Montgomery KONE,
Inc.

Appellee

 

Colan
W. McRae appeals the trial court=s
summary judgment in favor of KONE, Inc. f/k/a Montgomery KONE, Inc.
(KONE).  In two issues on appeal,
appellant argues that:  (1) the trial
court erred in holding that the statute of repose in TEX. CIV. PRAC. & REM.
CODE ANN. ' 16.009
(Vernon 1986) barred appellant=s
strict liability claims; and (2) the trial court=s
application of Section 16.009 violated the Aopen
courts@ provision of
the Texas Constitution. We affirm.

Background
Facts

KONE
manufactured and installed a freight elevator in Southwest Center Mall in
1975.  In October 1997, appellant was
delivering packages to the Sam Goody store in Southwest Center Mall.  Appellant asked a mall employee how to
operate the freight elevator, and the employee briefly told him.  While trying to close the elevator=s manually-closing doors,
appellant sustained injuries to his left hand. 


                                                               Standard
of Review








A
trial court must grant a motion for summary judgment if the moving party
establishes that no genuine issue of material fact exists and that the party is
entitled to judgment as a matter of law. 
TEX.R.CIV.P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex.1991).  A trial court properly
grants summary judgment for a defendant if he establishes all the elements of
an affirmative defense.  American
Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997).  Once the movant establishes his right to a
summary judgment, the non-movant must come forward with evidence or law that
precludes summary judgment.  City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678-79 (Tex.1979).  When reviewing a summary judgment, the
appellate court takes as true evidence favorable to the non-movant.  American Tobacco Company, Inc. v. Grinnell,
supra at 425; Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546,
548-49 (Tex.1985).

Section
16.009

Section
16.009 is a statute of repose.  Fuentes
v. Continental Conveyor & Equipment Company, Inc., 63 S.W.3d 518, 520
(Tex.App. B Eastland
2001, pet=n den=d).  It provides in part:

(a)
A claimant must bring suit for damages for [personal injury and other injuries]
against a person who constructs or repairs an improvement to real property not
later than 10 years after the substantial completion of the improvement in an
action arising out of a defective or unsafe condition of the real property or a
deficiency in the construction or repair of the improvement.

 

The
statute, however, does not bar a claim Aagainst
a person in actual possession or control of the real property at the time that
the damage, injury, or death occurs.@
Section 16.009(e)(2).  Appellant argues
that KONE was in actual possession or control of the elevator when appellant
was hurt because KONE and Southwest Center Mall entered into a service
agreement in 1995 that required KONE to provide regular maintenance and to
inspect the elevator on behalf of the premises owner, Southwest Center
Mall.  

The
purpose of Section 16.009 is to protect defendants from having to defend stale
claims. Hernandez v. Koch Machinery Company, 16 S.W.3d 48, 52 (Tex.App. B Houston [1st Dist.] 2000,
pet=n den=d).  KONE entered into the service agreement 20
years after it installed the elevator. 
During that period, KONE had no possession or control of the elevator,
and the service agreement did not give KONE actual possession or control in
1995.  The agreement provided that
Southwest Center Mall kept control of the elevator:

[Southwest Center
Mall] shall be solely responsible for supervising the use of the equipment, and
[Southwest Center Mall] shall provide whatever attendant personnel, warning
signs and other control and cautions that may be required or desirable to
insure safe operation. [Southwest Center Mall] shall at all times be solely
liable for the operation of the equipment.

 

Under the service agreement, KONE had no duty or right to modify or
repair the elevator=s
gates and doors.  The service agreement
stated in pertinent part:








[KONE] will regular (sic) and
systematically examine, adjust, lubricate, as required, and if conditions
warrant unless specifically excluded elsewhere in this agreement, repair or
replace all elevator components....[KONE] assumes no responsibility for the following
items of elevator equipment which are not included in this contract:
[r]efinishing, repairing or replacement of car enclosure, fan, gates and/or
doors...door frames and sills. 
(Emphasis added)

 

Southwest Center Mall had actual possession and control of the real
property that included the elevator, not KONE. 
Southwest Center Mall specifically kept responsibility for and control
of the elevator doors that were the alleged source of appellant=s injury.  Appellant=s
first issue is overruled. 

Appellant argues in his second and final issue that
affording KONE protection of Section 16.009 is a violation of the Aopen courts@ provision of the Texas
Constitution.  TEX. CONST. art. I, ' 13.  The Texas Aopen
courts@ provision
provides that: AAll
courts shall be open, and every person for an injury done him, in his lands,
goods, person or reputation, shall have remedy by due course of law.@  Article I, section 13.  A
party challenging a statute on Aopen
courts@ grounds must
generally satisfy two criteria: (1) that the litigant has a cognizable
common-law cause of action that is being restricted; and (2) that the
restriction is unreasonable or arbitrary when balanced against the purpose and
basis of the particular statute in question. 
Sax v. Votteler, 648 S.W.2d 661, 665 (Tex.1983).  

Appellant has not provided an analysis of what
cognizable common-law cause of action was restricted by Section 16.009 or how
that restriction was arbitrary or unreasonable when balanced against the
statute=s
purposes.  Appellant brought common-law
negligence claims against KONE and the premises owner, Southwest Center
Mall.  The trial court granted summary
judgment for KONE and Southwest Center Mall on appellant=s negligence claims on grounds other than
Section 16.009, and appellant did not appeal that judgment.  We note also that a number of courts,
presented with a similar constitutional challenge, have concluded that Section
16.009 and its predecessor did not violate the Texas Aopen courts@
provision.  Barnes v. J.W. Bateson Company,
Inc., 755 S.W.2d 518, 522-23 (Tex.App. B
Fort Worth 1988, no writ); McCulloch v. Fox & Jacobs, Inc., 696 S.W.2d 918,
923-24 (Tex.App. B
Dallas 1985, writ ref=d
n.r.e.); Sowders v. M.W. Kellogg Company, 663 S.W.2d 644, 648 (Tex.App. B Houston [1st Dist.] 1983,
writ ref=d n.r.e.);
see Trinity River Authority v. URS Consultants, Inc.-Texas, 889 S.W.2d 259,
261-63 (Tex.1994)(holding that TEX. CIV. PRAC. & REM. CODE ANN. ' 16.008 (Vernon Supp.
2002), the companion statute of repose for claims against registered or
licensed architects or engineers, did not violate the Aopens courts@
provision). Appellant=s
second issue is overruled.  








This
Court=s Ruling

The judgment of
the trial court is affirmed.  

 

TERRY McCALL

JUSTICE

 

August 8, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: 
Arnot, C.J., and 

Wright, J., and McCall, J.