**Opinion issued March 13, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00864-CV

————————————

**SOUTH TEXAS COLLEGE OF LAW, Appellant**

**V.**

**KBR, INC., Appellee**

———————————————————————————————————————

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-33549**

———————————————————————————————————————

## O P I N I O N

In this construction case we consider whether the trial court erred by granting a construction manager's motion for summary judgment, which was based on the statute of repose. We affirm.

# BACKGROUND

## *The Construction*

In 1981, South Texas College of Law ["South Texas"] hired KBR, Inc. ["KBR"] in connection with its plans to build an 11-story annex to its existing building. According to South Texas's petition, "KBR contracted to provide management and supervision services to coordinate the project, as well as represent South Texas on all matters pertaining to the planning, design and construction of the project under a contract dated July 17, 1981." The petition further alleges as follows:

> 13. KBR contracted with South Texas to provide management and supervision services for the project. Among the specific duties undertaken by KBR, KBR agreed to:
>
> a. Establish, direct, and coordinate project schedule for the complete design and construction phase of the project;
>
> b. Review and design development on a periodic basis and provide Value Analysis of Materials, Building Systems, Equipment, and Construction Methods; and
> c. Represent South Texas and act in its behalf on all matters pertaining to the planning, design and construction of the Project.

Wilmac Contractors Inc. ["Wilmac"] was hired as the general contractor for the Project and Vernon Masonry, Inc., ["Vernon Masonry"] was its masonry subcontractor. Construction on the tower was completed in 1984.

2

*Masonry Defects Appear Over 20 Years Later*

In June 2006, brick and mortar began falling from the tower onto the sidewalks below. South Texas began an investigation by hiring two engineering firms to ascertain the cause of the problem. According to South Texas, both firms concluded that the masonry structure was constructed "in derogation of clear plans and specification which detailed the proper manner in which the masonry wall was to be installed."

*The Underlying Lawsuit*

South Texas filed suit in May 2008 against KBR, Wilmac, Wilmac's surety, Seaboard Surety Company, and Vernon Masonry. The claims against KBR included breach of contract, breach of warranty, negligence, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Act. As to the breach of contract claim, South Texas's petition alleged:

> With respect to the construction and installation of the masonry wall for the exterior of the 11-story tower, KBR wholly failed to comply with and breached its contract with South Texas. It has now been discovered [that] the masonry wall structure was not installed in accordance with the plans and specification, building codes and applicable industry standards. For example, the architectural drawings call for a one-half inch wide soft joint in front of each shelf angle. It has been discovered that the soft joints were eliminated altogether and the joints themselves were packed with mortar and covered with a polyurethane sealant over the mortar to give the outward appearance of a soft joint. KBR was contractually obligated to monitor, manage and supervise this work and the results of South Texas' investigation reveal KBR whole failed to comply with the contract in this respect.

3

The warranty section of South Texas's petition alleged that "KBR failed to comply with its express and implied warranty to act on behalf of South Texas and manage, monitor and supervise the construction of the masonry to ensure the masonry installation complied with the plans, specifications and contract documents, applicable industry standards, applicable building codes, and in a good and workmanlike manner."

> The negligence section of South Texas's petition provided in part:
>
> At all times material, KBR was in the business of providing construction management and supervision services . . . . By virtue of its business as a construction supervisor and manager, KBR had an existing legal duty to manage and supervision masonry work to ensure the work was performed in a good and workmanlike manner, that it adhered to standard industry practices, and complied with the applicable building codes. . . . KBR was negligent in its supervision and management of the activities and practices of Wilmac and Vernon.

KBR answered and asserted the affirmative defense of the statute of repose. KBR then filed a motion for summary judgment based on the ten-year statute of repose in section 16.009 of the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.009 (Vernon 2002). South Texas responded, arguing that KBR could not rely on the statute of repose because it did not construct nor repair improvements to real property. The trial court granted KBR's motion, but declined to grant a severance at that time. After South Texas settled its claims against the other

defendants, KBR's summary judgment became final. South Texas filed a Motion for New Trial as to KBR, which the trial court denied. This appeal followed.

## SUMMARY JUDGMENT BASED ON STATUTE OF REPOSE

In three related issues on appeal, South Texas contends the trial court erred in granting KBR's motion for summary judgment, which was based on the 10-year statute of repose. Specifically, South Texas contends that KBR cannot utilize the statute of repose because it is not a "person[] who construct[s] or repair[s] an improvement to real property." Instead, South Texas argues that, as a construction manager, KBR's position is more akin to that of an owner.

### *Standard of Review*

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Under the traditional standard for summary judgment, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant a judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Dorsett*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215; *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

5

Traditional summary judgment is proper only if the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id.* A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc.*, 941 S.W.2d at 911.

A plaintiff's pleadings generally are not competent summary judgment evidence; however, they may form the basis of summary judgment when the defendant asserts limitations, or, as in this case, a statute of repose, as an affirmative defense. *See Cronen v. City of Pasadena,* 835 S.W.2d 206, 210 (Tex. App.—Houston [1st Dist.] 1992, no writ), *overruled on other grounds by Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994). When, as here, summary judgment is based solely on a plaintiff's petition, we must accept each allegation in the petition as true. *Am. Nat'l Ins. Co. v. Int'l Bus. Mach. Corp.*, 933 S.W.2d 685, 686 (Tex. App.—San Antonio 1996, writ denied); *Cronen*, 835 S.W.2d at 210. A party may plead itself out of court by pleading facts that affirmatively negate its cause of action. *Trail Enters., Inc. v. City of Houston*, 957 S.W.2d 625, 632 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). If the pleading on its face conclusively shows the moving party is entitled to summary judgment based on its affirmative

6

defense, here, the statute of repose, the motion will be granted. *See Cronen*, 835 S.W.2d at 210; *see also Judwin Props. v. Griggs & Harrison*, 911 S.W.2d 498, 504 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("Pleadings may be used as summary judgment evidence when they contain statements rising to the level of admitting a fact or conclusion which is directly adverse to that party's theory or defense of recovery.")

***Applicable Law—Section 16.009 Statute of Repose***

The applicable statute of repose relied on by KBR provides as follows:

A claimant must bring suit for damages for a claim [for injury, damage, or loss to real or personal property] against ***a person who constructs or repairs an improvement to real property*** not later than [ten] years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.009(a) (Vernon 2002) (emphasis added). The purpose of a statute of repose is to provide absolute protection to certain parties from the burden of indefinite potential liability and to fix an outer limit beyond which no action can be maintained. *Nathan v. Whittington*, 408 S.W.3d 870, 875 (Tex. 2013). One benefit in such a statute is "to prevent defendants from answering claims where evidence may prove elusive due to unavailable witnesses (perhaps deceased), faded memories, lost or destroyed records, and institutions that no longer exist." *Id.* at 876. Another purpose of section 16.009 is to protect

7

individuals and corporations who have no control over the substantially completed real estate improvement and have no authority to go onto the premises to inspect the improvement for unsafe conditions, to ensure that it is being used for the purpose for which it was designed, or to check for any defective alterations. *Hernandez v. Koch Mach. Co.*, 16 S.W.3d 48, 52 (Tex. App.—Houston [1 Dist.] 2000, pet. denied). The statute was intended to apply to litigation against architects, engineers, and others involved in designing, planning or inspecting improvements to real property, as distinguished from materialmen and suppliers and from tenants and owners who possess or control the property. *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 922 (Tex. App.—Dallas 1985, writ ref'd n.r.e) (interpreting prececessor statute to section 16.009).

By its plain language, Section 16.009 applies only to claims brought against "a person who constructs or repairs an improvement to real property" in an action "arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.009(a).

South Texas argues that KBR was not "the one who construct[ed] or repair[ed]" the tower. Specifically, South Texas contends that "no allegation was made [in KBR's motion for summary judgment] that KBR physically performed

8

the defective work." South Texas further asserts that "KBR merely watched the 'contractor who built the building.'"

***Analysis—Did KBR construct or repair the improvement?***

Both parties agree that a defendant need not "physically hammer the nails and turn the screws" to claim application of the statute of repose, and that "section 16.009's protection extends to parties who, though they did not personally perform the construction work at issue, were nevertheless contractually responsible for the construction work and subject to liability in the lawsuit based on that responsibility." *Jenkins v. Occidental Chem. Corp.*, 415 S.W.3d 14, 25 (Tex. App.—Houston [1st Dist.] 2013, pet. filed); *see also Fuentes v. Cont'l Conveyor & Equip. Co., Inc.*, 63 S.W.3d 518, 521–22 (Tex. App.—Eastland 2001, pet. denied) (holding that conveyor belt system manufacturer hired by property owner to "supervise and assist" in installation of conveyor belt system was protected by statute); *Reames v. Hawthorne-Seving, Inc.*, 949 S.W.2d 758, 763 (Tex. App.—Dallas 1997, pet. denied) (holding that general contractor who "bore ultimate responsibility" to property owner for construction work by subcontractor was entitled to protection of statute). However, the parties in this case disagree about whether KBR's involvement in the project is sufficient to invoke the protection of the statute.

South Texas relies on *Sonnier v. Chisholm–Ryder Co.*, 909 S.W.2d 475, 478-83 (Tex. 1995), in which a manufacturer whose product was annexed to realty by another asserted the statute of repose. The supreme court held that section 16.009 was not intended to grant repose to manufacturers in product liability suits and only precludes suits against persons or entities in the construction industry that annex personalty to realty. *Id. Sonnier* is factually distinguishable from this case because KBR is not a manufacturer seeking to use the statute of repose simply because its product was later affixed by someone else to real property.

South Texas also relies on *Jenkins*, in which a premises owner asserted the statute of repose with respect to equipment it had constructed on its site. *See Jenkins*, 415 S.W.3d at 17. But, *Jenkins* too is factually distinguishable from the present case in that KBR is not the property owner seeking to take advantage of a statute of repose that is intended to protect those who construct or repair improvements to real property.

As *Jenkins* acknowledges, the statute protects (1) "direct actors" in the construction or repair of improvements, and such actors are (2) generally "an entity in the construction industry," but (3) need not physically perform the construction work at issue if they are contractually responsible for construction and their liability in the lawsuit stems from their responsibility for that work. *Id*. at 25.

10

South Texas argues that KBR was not a "direct actor in the construction," and had no "ultimate responsibility" for the construction because it "merely watched the contractor who built the building." South Texas's pleadings belie this assertion. For example, South Texas alleges that KBR was "contractually obligated to monitor, manage and supervise" the installation of the masonry, thereby causing damage to South Texas. South Texas also alleges that "KBR was in the business of providing construction management and supervision services," and "had an existing legal duty to manage and supervise masonry work to ensure the work was performed in a good and workmanlike manner," and that "KBR was negligent in its supervision and management of the activities and practices of Wilmac and Vernon." Finally, South Texas alleged that KBR breached an implied or express warranty "to act on behalf of South Texas and manage, monitor and supervise the construction of the masonry to ensure the masonry installation complied" with plans, specifications, contractual documents, industry standards, building codes, and was performed in a good and workmanlike manner.

From South Texas's own pleadings it is apparent that KBR is an entity in the construction industry and that South Texas is seeking to hold it contractually responsible for the faulty masonry installation done by Wilmac and Vernon Masonry. Under these circumstances, and accepting South Texas's pleadings as true, we conclude that KBR is a "direct actor" in the construction process.

11

The purpose of a statute of repose is "to prevent defendants from answering claims where evidence may prove elusive due to unavailable witnesses (perhaps deceased), faded memories, lost or destroyed records, and institutions that no longer exist." *Nathan*, 408 S.W.3d at 876. In this case, there is evidence that the contract on which the suit is based can no longer be located, and no KBR employee involved in the project can be located. The building was completed 24 years before the suit was filed, and it is undisputed that the general contractor and the subcontractors would be permitted to rely on the statute of repose. KBR, who is being sued for failing to properly supervise the contractor and subcontractor, is similarly situated. Accordingly, we hold that the trial court did not err in granting KBR's motion for summary judgment or in denying South Texas's motion for new trial.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.