**Affirm and Opinion Filed January 11, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00914-CV**

**NIKKO CONDOMINIUM ASSOCIATION, ON BEHALF OF ITSELF AND ITS OWNERS, Appellant**

**V.**

**KWA CONSTRUCTION, L.P., KW & ASSOCIATES, LLC, KENYON PLASTERING OF TEXAS, INC., SUBFLOOR SYSTEMS, LLP, AE COMMERCIAL CONTRACTING, INC., GREATER DALLAS, L.P., ABCO CONSTRUCTION SERVICES CORPORATION, AND STARK TRUSS COMPANY, INC., Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-14653**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Rosenberg[1]
Opinion by Justice Carlyle

Appellant Nikko Condominium Association sued appellees to recover for alleged construction defects in a residential condominium building. The parties filed competing motions for summary judgment regarding the applicable ten-year statute of repose. *See* TEX. CIV. PRAC. & REM. CODE § 16.009. The trial court denied

---

[1] The Hon. Barbara Rosenberg, Justice, Assigned.

Nikko's motion and granted summary judgment in appellees' favor. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

**Background**

In 2007, a developer contracted with appellees KWA Construction, L.P. and KW & Associates, LLC (collectively, KWA) to construct a Dallas condominium building (the project). The remaining appellees were subcontractors on the project. The City of Dallas issued a Certificate of Occupancy for the building on December 16, 2008.

The building was initially used as an apartment complex for about six years. Then, the developer, who was also the owner, began marketing and selling the building's individual units as condominiums. In June 2015, Nikko was formed as the unit owners' governing association. *See* TEX. PROP. CODE § 82.101.

On December 28, 2018, Nikko sent appellees a letter "to present a written claim for damages, contribution and/or indemnity pursuant to Texas law, including but not limited to Sections 16.008 & 16.009 of the Texas Civil Practice and Remedies Code." The letter described the damages and an estimated cost to repair them.

On December 4, 2019, Nikko filed this lawsuit against appellees and the developer,[2] alleging causes of action including negligence, breach of warranty, and

---

[2] The developer, not a party to this appeal, in turn asserted crossclaims against appellees. Nikko states in its appellate brief that pursuant to a settlement agreement between the developer and Nikko, the developer assigned its claims to Nikko and "[t]herefore, this appeal also seeks reversal of the Trial Court's granting of summary judgment on the Statute of Repose MSJs filed by the Appellees, ABCO and KWA, against the Developer's crossclaims."

violation of the Texas Deceptive Trade Practices Act. Appellees filed separate general denial answers and asserted various affirmative defenses, including that Nikko's claims "are barred by the applicable . . . statute of repose." *See* TEX. CIV. PRAC. & REM. CODE § 16.009(a).

In April 2021, Nikko moved for partial summary judgment as to KWA and the developer regarding section 16.009's statute of repose affirmative defense. Nikko's summary judgment evidence included (1) portions of the project's contract; (2) an October 2, 2008 "Change Order" signed by KWA and the owner that stated the "Contract Time" "REMAINS UNCHANGED" and "[t]he date of Substantial Completion as of the date of this Change Order therefore is . . . Dec. 29th, 2008"; (3) various documents regarding 2009 payments by KWA to subcontractors; and (4) an untitled one-page document the parties referred to as "the Certificate of Substantial Completion" (CSC).

Over the next several months, appellees each moved for traditional summary judgment on Nikko's claims based on the statute of repose.[3] Following a series of hearings, the trial court signed (1) a June 21, 2021 order denying Nikko's motion for partial summary judgment as to KWA and the developer and (2) orders dated June 7, 2021, and August 3, 2021, granting appellees' summary judgment motions without specifying the bases for those rulings. On September 17, 2021, the trial court

---

[3] Additionally, several appellees filed (1) traditional motions for summary judgment on the developer's crossclaims based on the same statute of repose arguments and (2) no-evidence motions for summary judgment on Nikko's claims.

signed a final judgment that incorporated the orders granting appellees' summary judgment motions against Nikko and the developer and severed Nikko's claims against appellees from its claims against the developer.[4]

**Standard of review and applicable law**

We review a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019). A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). We take evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve every doubt in the nonmovant's favor. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019). If the movant satisfies its burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan*, 555 S.W.3d at 84.

When a defendant moves for summary judgment based on a statute of repose, "the defendant, as movant, bears the burden of proving each essential element of that defense." *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012). When both sides move for summary judgment and the trial court grants one motion and denies the other, reviewing courts consider both sides' summary judgment evidence,

---

[4] The trial court's June 21, 2021 order denying Nikko's motion for partial summary judgment was not mentioned in the September 17, 2021 final judgment. After filing this appeal, Nikko, "out of an abundance of caution," filed a separate appeal that included a complaint as to that denial. This Court consolidated the second appeal into this appeal.

determine all questions presented, and render the judgment the trial court should have rendered. *E.g.*, *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010).

The statute of repose provides:

(a) . . . [A] claimant must bring suit for damages for a claim listed in Subsection (b) against a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.
. . . .

(b) This section applies to suit for:
 (1) injury, damage, or loss to real or personal property;
 (2) personal injury;
 (3) wrongful death;
 (4) contribution; or
 (5) indemnity.

(c) If the claimant presents a written claim for damages, contribution, or indemnity to the person performing or furnishing the construction or repair work during the applicable limitations period, the period is extended for . . . two years from the date the claim is presented[.]

TEX. CIV. PRAC. & REM. CODE § 16.009(a)–(c).

Statutory construction presents a question of law subject to de novo review. *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011). Similarly, if an agreement's language can be given a certain and definite meaning, the agreement is not ambiguous and its construction is a question of law we review de novo. *See Milner v. Milner*, 361 S.W.3d 615, 619 (Tex. 2012). Whether a contract is ambiguous is a question of law for the court. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d

857, 861 (Tex. 2000). For an ambiguity to exist, "both interpretations must be reasonable." *Id.*

**Analysis**

In its first and second issues, Nikko contends the trial court erred (1) by "denying Nikko's Repose MSJ because the construction documents for the building establish that the repose defenses raised by [KWA] and the Developer fail as a matter of law" and (2) alternatively, by "granting Appellees' motions for summary judgment on their repose defenses when the construction documents for the building establish genuine issues of material fact concerning the date of substantial completion of the building." Nikko does not dispute that the statute of repose bars its claims unless substantial completion occurred on or after December 28, 2008, within ten years of the date it provided the written claim to appellees. *See* TEX. CIV. PRAC. & REM. CODE § 16.009(c). On this record, we cannot agree with Nikko that it conclusively established its claims were timely or that the evidence raised a fact issue as to whether substantial completion occurred on or after December 28, 2008.

First, Nikko argues that because the relevant contract provision requires an architect to complete a CSC and there is no evidence an architect did so, the CSC completed by the property owner and KWA either did not sufficiently establish a date of substantial completion or creates a fact issue as to the date. We turn first to the contract: subsection 8.1.3 provided for a date of substantial completion "certified

–6–

by the Architect in accordance with Section 9.8." Subsection 9.8.4 stated, "When the Work or designated portion thereof is substantially complete, the Architect will prepare a Certificate of Substantial Completion which shall establish the date of Substantial Completion, shall establish responsibilities of the Owner and Contractor for security, maintenance, heat, utilities, damage to the Work and insurance, and shall fix the time within which the Contractor shall finish all items on the list accompanying the Certificate." Subsection 9.8.5 stated, "The Certificate of Substantial Completion shall be submitted to the Owner and Contractor for their written acceptance of responsibilities assigned to them in such Certificate." Nothing in the project's contract precluded the validity of the certificate of substantial completion signed by the owner and contractor pursuant to subsection 9.8.5 in this case.

Next, we address the CSC, which Nikko argues should support at least a fact issue as to the date of substantial completion because the signatures are dated in early 2009. The CSC described the project and the contract, then stated:

The work performed under this contract had been reviewed by the Owner's best knowledge and belief to be Substantially Complete. Substantial completion is the stage in the progress of the work when the work or designated portion is sufficiently complete in accordance with the Contract Documents so that the owner can occupy or utilize the Work for its intended use. The date of Substantial Completion of the project or portion designated above is the date of issuance established by this certificate, which is also the date of commencement of applicable warranties required by the Contract Documents, except as stated below:

| Warranty | Date of Commencement |
|---|---|
| 1 Year | 12/09/2008 |

The owner accepts the Work or designated portion as substantially complete and will assume full possession at 12:00 pm (time) on December 12, 2008 (date).

| Bowser/Prescott, LP | Andrew T. Carnahan | 2/9/09 Date of Issuance |
|---|---|---|

A List of items to be completed or corrected is attached hereto. The failure to include any items on such list does not alter the responsibility of the Contractor to complete all Work in accordance with the Contract Documents. Unless otherwise agreed to in writing, the date of commencement of warranties for items on the attached list will be the date if issuance of the final certificate.

The Contractor will compete or correct the Work on the list of items attached hereto within (0) Zero days from the above date of substantial completion.

| KWA Construction, LP | Keller W. Webster | 1/23/2009 Date of Issuance |
|---|---|---|

Nikko's argument ignores portions of the CSC. *See Seagull Energy E&P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006) (in construing an agreement, "[n]o single provision taken alone will be given controlling effect; rather, all the provisions must be considered"). The stated dates for commencement of warranties and for the owner's assumption of full possession with acceptance of the work as substantially complete were both before December 28, 2008. The CSC unambiguously shows the owner and KWA intended to establish a date of substantial completion that was not later than December 12, 2008. To the extent the project's contract precluded substantial completion until the owner received a certificate of occupancy, the city issued that that certificate on December 16, 2008. And to the extent the owner and KWA had previously described a different date of substantial

–8–

completion in the October 2008 change order, the record does not show the date in that change order controlled over the later CSC.

Nikko also contends the evidence showing KWA approved and received payments regarding the project as late as February 2009 and described the project as being "in its final stage of completion" at that time raised a fact question as to the date of substantial completion. We cannot agree. Section 9.8.1 of the project's contract described substantial completion as "the stage in the progress of the Work when the Work or designated portion thereof is sufficiently complete in accordance with the Contract Documents so that the Owner can occupy or utilize the Work for its intended use." The record does not show how the 2009 payments or the reference to "final completion" had any bearing on the project's substantial completion or precluded a substantial completion date prior to December 28, 2008. We conclude the record shows the project's substantial completion occurred no later than December 16, 2008, as a matter of law.[5]

In its third issue, Nikko asserts the trial court erred by granting ABCO's motion for summary judgment "where ABCO neither constructed nor repaired improvements to real property, rendering it unable to take advantage of the statute

---

[5] Appellees' appellate brief includes assertions that several individual appellees substantially completed their work on the project prior to December 2008 and that we should analyze substantial completion as to each of them individually. In light of our conclusion that substantial completion as to the entire project occurred by December 16, 2008, we need not address those arguments.

of repose." ABCO cites *South Texas College of Law v. KBR, Inc.*, 433 S.W.3d 86 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

That case involved an action against a construction manager, KBR, for negligence, breach of warranty, DTPA violations, and other claims based on defects in work performed by the general contractor KBR hired. The plaintiff's petition alleged KBR "contracted to provide management and supervision services to coordinate the project" and failed to comply with its obligations "to ensure the work was performed in a good and workmanlike manner." *Id*. at 88–89. In response to KBR's motion for summary judgment on section 16.009's statute of repose affirmative defense, the plaintiff argued KBR could not rely on that section because "it did not construct nor repair improvement to real property." *Id*. at 89.

The trial court granted KBR's summary judgment motion and the court of appeals affirmed. *Id*. The court of appeals observed that section 16.009 "was intended to apply to litigation against architects, engineers, and others involved in designing, planning or inspecting improvements to real property, as distinguished from materialmen and suppliers and from tenants and owners who possess or control the property." *Id*. at 91 (citing *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 922 (Tex. App.—Dallas 1985, writ ref'd n.r.e) (interpreting predecessor statute)). Though the parties did not dispute that "section 16.009's protection extends to parties who, though they did not personally perform the construction work at issue, were nevertheless contractually responsible for the construction work and subject to

liability in the lawsuit based on that responsibility," they disagreed about whether KBR's involvement in the project was sufficient to invoke the statute's protection. *Id*.

The court of appeals reasoned that though the plaintiff contended KBR "merely watched the contractor who built the building," the pleadings belied that assertion because the petition alleged KBR (1) was "contractually obligated to monitor, manage and supervise" the work, "thereby causing damage to [plaintiff]"; (2) "was in the business of providing construction management and supervision services," "had an existing legal duty to manage and supervise [the work] to ensure the work was performed in a good and workmanlike manner," and "was negligent in its supervision and management of the activities and practices of [the general conractor]"; and (3) breached an implied or express warranty "to act on behalf of [plaintiff] and manage, monitor and supervise the construction of [the work] to ensure [the work] complied" with plans, specifications, contractual documents, industry standards, building codes, and was performed in a good and workmanlike manner. *Id*. at 92. Additionally, the court of appeals noted that KBR, "who is being sued for failing to properly supervise the contractor and subcontractor," is "similarly situated" to the general contractor and subtractors, to whom section 16.009 was determined applicable. *Id*. The court stated that because "it is apparent that KBR is an entity in the construction industry and that [plaintiff] is seeking to hold it

contractually responsible for the faulty [work]," "we conclude that KBR is a 'direct actor' in the construction process." *Id*.

Nikko contends *KBR* is distinguishable because the plaintiff in *KBR* "alleged that KBR was an agent with express contractual obligations to monitor construction and ensure proper performance," while Nikko's pleadings "contain no such allegations" and "ABCO's service contract expressly disclaimed responsibility or control over the parties involved in the underlying construction." In support of its position, Nikko cites its live petition and statements in ABCO's 2007 service contract that (1) ABCO's services "are for limited observation of construction elements and documents" and (2) "[t]he client retains ultimate control and responsibility for all work at the project."

The record shows Nikko's live petition described ABCO as "Supervisor; retained to conduct periodic site visits at various stages of construction of the project." The petition also alleged that the defendant "Contractors," which the petition stated included ABCO, "were in position, and had the duty to, among other things":

- Ensure that the Condominium Project was constructed in a good and workmanlike manner;
- Ensure that the Condominium Project was constructed in accordance with all applicable City codes and ordinances; and
- Ensure that construction of the Condominium Project was properly supervised.

Thus, Nikko sought to hold ABCO liable for improper performance of its services, which purportedly contributed to the faulty construction work. On this record, we conclude ABCO conclusively established it was entitled to section 16.009's statute of repose affirmative defense. *See id*.

We conclude the trial court did not err by denying Nikko's motion for partial summary judgment or by granting appellees' motions for summary judgment on section 16.009's statute of repose. *See Gordon v. W. Steel Co.*, 950 S.W.2d 743, 749 (Tex. App.—Corpus Christi 1997, writ denied) (affirming summary judgment based on section 16.009's statute of repose where "appellees met their burden of proving that they substantially completed their improvement to the project more than ten years before they were sued"). We affirm the trial court's judgment.[6]

210914f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

---

[6] Appellee Stark Truss Company asserts on appeal that its motion for summary judgment should also be independently affirmed based on its no-evidence challenge because Nikko filed no response to its motion. Because our statute of repose conclusions above apply to all appellees, we need not reach Stark Truss Company's no-evidence argument. *See, e.g., Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013) (where trial court does not specify ground for granting summary judgment motion, appellate court must affirm if any ground presented to trial court and preserved for appellate review is meritorious); *see also* TEX. R. APP. P. 47.1.

–13–



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

NIKKO CONDOMINIUM ASSOCIATION, ON BEHALF OF ITSELF AND ITS OWNERS, Appellant

No. 05-21-00914-CV      V.

KWA CONSTRUCTION, L.P., KW & ASSOCIATES, LLC, KENYON PLASTERING OF TEXAS, INC., SUBFLOOR SYSTEMS, LLP, AE COMMERCIAL CONTRACTING, INC., GREATER DALLAS, L.P., ABCO CONSTRUCTION SERVICES CORPORATION, AND STARK TRUSS COMPANY, INC., Appellees

On Appeal from the 14th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-14653. Opinion delivered by Justice Carlyle. Justices Garcia and Rosenberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees KWA CONSTRUCTION, L.P., KW & ASSOCIATES, LLC, KENYON PLASTERING OF TEXAS, INC., SUBFLOOR SYSTEMS, LLP, AE COMMERCIAL CONTRACTING, INC., GREATER DALLAS, L.P., ABCO CONSTRUCTION SERVICES CORPORATION, AND STARK TRUSS COMPANY, INC., recover their costs of this appeal from appellant NIKKO CONDOMINIUM ASSOCIATION, ON BEHALF OF ITSELF AND ITS OWNERS.

Judgment entered this 11th day of January, 2023.