# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00265-CV

---

**Bo Ren and Wei Liu, Appellants**

**v.**

**Service King Collision Austin, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-22-001693, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This is a dispute over certain fees that Service King Collision Austin charged appellants Bo Ren and Wei Liu in connection with repairing their vehicle after an accident. Appellants, who represent themselves, challenge the trial court's grant of summary judgment based on the statute of limitations. We affirm.

## BACKGROUND

On March 13, 2019, appellants took their car to Service King on the instructions of their insurer to repair damage from a collision. Service King completed repairs on March 25, 2019. Appellants picked up the car the same day after paying $866.54 in towing, storage fees, and repair costs.

Appellants, acting pro se, sued Service King in justice court on March 30, 2021. They alleged that Service King "refused to release" their vehicle and "forced" them to pay those

fees and costs to recover their car. Construing this as a claim for conversion, Service King filed a traditional motion for summary judgment on the pleadings based on the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (requiring person to bring suit for conversion "not later than two years after the day the cause of action accrues"). Service King argued in the motion that appellants' original petition was filed two years and five days after the claim accrued. The justice court granted Service King's motion and dismissed the case.

Appellants appealed to the county court for a trial de novo. Service King filed a traditional motion for summary judgment based on limitations and lack of diligence in service. Appellants filed a response in which they argued generally that summary judgment was inappropriate because fact questions existed but did not address limitations. On January 30, 2023, the trial court signed a final judgment granting Service King's motion and dismissing the case with prejudice. On February 6, 2023, appellants filed, without leave of court, an amended petition adding claims for breach of contract and fraud. This appeal followed.

## DISCUSSION

Appellants have filed a pro se brief challenging the trial court's judgment in twelve issues. Liberally construing appellants' brief, we understand them to assert that the trial court erred by (1) granting Service King's motion for summary judgment on conversion, a claim which they had not pled; and (2) "ignoring" the claims for fraud and breach of contract in their amended petition.[1] As relief, they ask us to remand to the trial court for a jury trial on those claims.

---

[1] Although litigants who represent themselves must meet the same standards as licensed attorneys, *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005), we construe pro se filings "liberally and with patience 'so as to obtain a just, fair and equitable adjudication of the

2

**Standard of Review**

We review a trial court's grant of summary judgment de novo. *Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022). To prevail on a motion for traditional summary judgment, the movant must show that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c). A genuine issue of material fact exists if the conflict "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Evidence does not create an issue of material fact if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Id.* (citing *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)).

Although a plaintiff's pleadings are generally not competent summary-judgment evidence, "they may form the basis of summary judgment when the defendant asserts limitations" as an affirmative defense. *South Tex. Coll. of Law v. KBR, Inc.*, 433 S.W.3d 86, 90 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). When a motion for summary judgment is directed solely at the plaintiff's petition, we take "all allegations, facts, and inferences in the pleadings as true, viewing them in a light most favorable to the pleader," and will affirm summary judgment "only if the pleadings are legally insufficient." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). If the pleading on its face "conclusively shows the moving party is entitled to summary judgment based on its affirmative defense," the motion should be granted. *South Tex. Coll. of Law*, 433 S.W.3d at 90.

---

parties' rights,'" *Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.) (quoting *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.)).

**Conversion**

Appellants argue in their first issue that the trial court erred by granting Service King's motion for summary judgment based on the statute of limitations. Appellants argue that Service King sought summary judgment on a claim—conversion—that they never asserted. They do not, however, provide an alternative label for their claim. Service King responds that the substance of appellants' claim is for conversion and that there is no genuine issue of material fact that appellants filed suit beyond the limitations period.

We agree with Service King. "The true nature of a cause of action depends on the facts alleged in the petition, the rights asserted, and the relief sought, not on the descriptive terms or labels used." *Charlie Thomas Chevrolet, Ltd. v. Martinez*, 590 S.W.3d 9, 17 (Tex. App.—Houston [1st Dist.] 2019, no pet.). In the absence of special exceptions, we construe the pleadings liberally and will "uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Texas Dep't of State Health Servs. v. Crown Distrib. LLC*, No. 03-20-00463-CV, 2021 WL 3411551, at *3 n.2 (Tex. App.—Austin Aug. 5, 2021, no pet.) (mem. op.) (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993))).

Appellants alleged the following against Service King in their original petition:

> On 3/25/2019, Defendant forced Plaintiffs to pay the bill of TOWING, 13 days STORAGE and 4 hours of labor which caused Plaintiffs' vehicle to be TOWED. Otherwise, Defendant would continue to refuse to release Plaintiffs' vehicle and continue to charge Plaintiffs STORAGE everyday. After Defendant and Defendant's Partner Insurer Progressive's estimates, on the morning of 3/13/2019, Plaintiff drove Plaintiffs' vehicle to Defendants for 41.8 hours REPAIR and got the rental there by Defendant's Partner Insurer Progressive's arrangement. Defendant caused more than $20,000 damages to Plaintiffs' recovery from the car accident.

Construing the petition liberally, appellants allege that Service King unlawfully and without authorization refused to return appellants' vehicle unless they paid certain fees. Conversion is the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights." *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971). The elements of a conversion claim are (1) "the plaintiff owned or had legal possession of the property or entitlement to possession"; (2) the defendant "unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner"; (3) "the plaintiff demanded return of the property"; and (4) "the defendant refused to return the property." *Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 341 (Tex. App.—Austin 2004, no pet.). The substance of appellants' claim is for conversion.

We also agree with Service King that there is no issue of material fact that limitations bars appellants' suit. To obtain traditional summary judgment based on limitations, "the defendant must conclusively prove (1) when the cause of action accrued, and (2) that the plaintiff brought its suit later than the applicable number of years thereafter—i.e., that 'the statute of limitations has run.'" *Draughon v. Johnson*, 631 S.W.3d 81, 89 (Tex. 2021) (citing *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 220 (Tex. 2003)). A person must bring suit for conversion of personal property "not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.003(a).

A cause of action accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Archer v. Tregellas*, 566 S.W.3d 281, 288 (Tex. 2018). Generally, a claim for conversion accrues at the time of the unlawful taking. *Wells Fargo Bank Nw., N.A. v. RPK*

*Capital XVI, L.L.C.*, 360 S.W.3d 691, 700 (Tex. App.—Dallas 2012, no pet.). If the original possession of the property was lawful, however, the claim does not begin to accrue "until the return of the property has been demanded and refused, or until the person in possession has unequivocally exercised acts of domination over the property inconsistent with the claims of the owner or the person entitled to possession." *Id.*

Appellants allege in their original petition that on March 25, 2019, Service King allegedly "forced [appellants] to pay the bill of TOWING, 13 days STORAGE and 4 hours of labor" or Service King "would continue to refuse to release [appellants'] vehicle" and continue to charge them fees. In other words, appellants allegedly demanded return of their property and Service King wrongfully refused. Taking that allegation as true, appellants' conversion claim accrued when Service King refused to return their vehicle without payment on March 25, 2019. *See Wells Fargo Bank Nw.*, 360 S.W.3d at 700. Appellants filed suit on March 30, 2021, two years and five days later. Their original petition conclusively shows that Service King is entitled to summary judgment based on the statute of limitations.[2] *See South Tex. Coll. of Law*, 433 S.W.3d at 90 ("If the pleading on its face conclusively shows the moving party is entitled to summary judgment based on its affirmative defense . . . the motion will be granted."). We overrule appellants' first issue.

---

[2] Because we uphold the trial court's ruling on limitations, we do not reach Service King's alternative argument that appellants were not diligent in effecting service. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

**Fraud and Breach of Contract**

Appellants argue in what we construe as their second issue that the trial court erred by granting a final judgment without addressing their claims for fraud and breach of contract. Service King responds that those claims were not properly before the trial court because the amended petition was not on file when the trial court signed the judgment.

We agree with Service King. Our rules provide that a traditional motion for summary judgment must be rendered on the pleadings "on file at the time of the hearing, or filed thereafter and before judgment with permission of the court." Tex. R. Civ. P. 166a(c). A trial court generally cannot grant permission to file amended pleadings after it has rendered judgment. *Murphy v. Arcos*, 615 S.W.3d 676, 697 (Tex. App.—Dallas 2020, pet. denied); *see Greenhalgh v. Service Lloyds Ins*, 787 S.W.2d 938, 940 (Tex. 1990) ("It is well established that a party may amend its pleading after verdict but before judgment."). Because appellants' amended petition was not filed before judgment with permission of the court, the trial court did not err by refusing to consider either claim. *See Prater v. State Farm Lloyds*, 217 S.W.3d 739, 741 (Tex. App.—Dallas 2007, no pet.) (concluding trial court was not required to consider amended petition filed after court signed final judgment). We overrule appellants' second issue.

## CONCLUSION

We affirm the trial court's judgment.

_____

                    Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed:   April 24, 2024